AMERICAN WAY LIFE INSURANCE COMPANY v
COMMISSIONER OF INSURANCE

Docket No. 65255. Submitted April 7, 1983, at Lansing.—Decided
December 6, 1983. Leave to appeal applied for.

American Way Life Insurance Company filed with the Michigan
Insurance Bureau a master policy, certificate of insurance, and
associated forms and documents for a new type of credit insur-
ance known as joint credit life insurance. American Life set the
proposed premium for the insurance at $1 per $100 of original
indebtedness. The Commissioner of Insurance failed to disap-
prove the proposed policy within 30 days of the filing of the
master policy. By operation of law, American Life was then
entitled to sell the insurance. Several months later, the com-
missioner notified American Life that he intended to withdraw
approval of the policy because the premium charged was exces-
sive in relation to the benefits provided. Following an extensive
hearing, the commissioner entered an opinion and final order
reducing the premium to $.80 per $100 of indebtedness. Ameri-
can Life filed a petition for review in Oakland Circuit Court.
An *ex parte* temporary restraining order was issued allowing
petitioner to continue charging the higher rate pending the
court's decision, Alice L. Gilbert, J. The commissioner's subse-
quent motion to dissolve the temporary restraining order was
denied. The court, Alice L. Gilbert, J., thereafter entered an
opinion and order reversing the commissioner's decision, hold-
ing that, since the proposed joint credit life insurance was a
new type of policy, the commissioner was required to establish
a prima facie rate pursuant to the rule-making procedures of
the Administrative Procedures Act and not by way of a con-
tested case proceeding. The commissioner appealed. *Held:*

The trial court erred in requiring the commissioner to pro-
mulgate rules setting a reasonable premium for the policy
proposed by petitioner and in prohibiting the commissioner
from using a contested case proceeding to determine if the

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 195.
[2] 1 Am Jur 2d, Administrative Law § 166.
[3] 43 Am Jur 2d, Insurance §§ 22, 828.

premium proposed by petitioner was reasonable in relation to the benefits provided. The case is remanded for a determination on the merits of petitioner's petition for review concerning the proper premium to be charged.

Reversed and remanded.

1. ADMINISTRATIVE LAW — SETTING OF STANDARDS.

Administrative agencies have discretion to set standards by adjudicating individual cases rather than through formal rule-making procedures.

2. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — RULES.

The Administrative Procedures Act provides that a rule is a statement, standard, policy, ruling, or instruction of general applicability; the definition expressly excludes any order establishing or fixing rates and any determination, decision, or order in a contested case (MCL 24.207, subds [c] and [f]; MSA 3.560[107], subds [c] and [f]).

3. INSURANCE — PRIMA FACIE RATES — ADMINISTRATIVE PROCEDURES ACT.

A prima facie rate is a rate which the insurance bureau will accept for filing without detailed actuarial support and is simply an expression by the bureau that it will not contest rate filings which fall below that level; the prima facie rate is not binding in the sense that any insurer may propose a higher premium and litigate the matter through a contested case hearing and there is no requirement that prima facie rates be established pursuant to the rule-making procedures of the Administrative Procedures Act.

*Huff, Lygizos & Janhevich* (by *Paul Janhevich*), for petitioner.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Harry G. Iwasko, Jr.* and *Robert Ianni*, Assistants Attorney General, for respondent.

Before: D. E. HOLBROOK, JR., P.J., and HOOD and T. M. GREEN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Respondent Commissioner of Insurance appeals as of right from the Oakland County Circuit Court's June 9, 1982, order reversing the commissioner's decision in a contested case.

On September 28, 1978, petitioner filed with the Michigan Insurance Bureau a master policy, certificate of insurance, and associated forms and documents for a new type of credit insurance known as "joint credit life insurance". This form of credit insurance is sold to joint debtors and provides that if either codebtor dies during the term of the loan, the insurer will pay the outstanding balance to the creditor.

Petitioner's filing was made pursuant to § 12 of the Credit Insurance Act, MCL 500.601 *et seq.;* MSA 24.568(1) *et seq.* Petitioner set the proposed premium for the insurance at $1 per $100 of original indebtedness.[1] Under §§ 13 and 14 of the act, an insurer may begin selling a proposed policy after the expiration of 30 days following the filing, unless the commissioner disapproves the filing within the 30-day period. Under § 13, the commissioner may disapprove the proposed policy within the 30-day period if he determines that "the benefits provided therein are not reasonable in relation to the premium charge * * *".

In this case, the commissioner did not disapprove the filing within the 30-day period and petitioner became authorized to sell the policy by operation of law. On April 3, 1979, the commissioner notified petitioner that he intended to withdraw approval of the policy because the premium charged was excessive in relation to the benefits

---

[1] Because the proposed policy was being offered for the first time in Michigan, there was no prior experience upon which the proposed premiums could be based. Petitioner therefore based its proposed premiums on estimated factors. The filing was required to be and was accompanied by actuarial data prepared by petitioner.

provided. This action was taken pursuant to § 15 of the act, MCL 550.615; MSA 24.568(15), which provides:

"The commissioner, at any time after a hearing, of not less than 20 days written notice to the insurer, may withdraw his approval of any such form on any of such grounds."

Following an extensive hearing, the hearing officer entered a proposal for decision recommending that approval of petitioner's $1 per $100 premium be withdrawn and that the maximum premium be $.85 per $100. On February 6, 1980, the commissioner entered an opinion and final order substantially adopting the hearing officer's findings, but further reducing the premium to $.80 per $100 of indebtedness.

Petitioner filed a petition for review in the Oakland County Circuit Court and an *ex parte* temporary restraining order was issued on March 3, 1980, allowing petitioner to continue charging the higher rate pending the circuit court's decision. Respondent's subsequent motion to dissolve the temporary restraining order was denied. On May 21, 1982, the court entered an opinion reversing the commissioner's decision. The court held that, since the proposed joint credit life insurance was a new type of policy, the commissioner was required to establish a prima facie rate (*i.e.*, a rate presumed to be reasonable and applicable to all insurers), pursuant to the rule-making procedures of the Administrative Procedures Act[2] and not by way of a contested case proceeding. The circuit judge was of the opinion that the standard for determining the reasonableness of petitioner's pro-

---

[2] MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*

posed premium had to be established by rule before the hearing and not by a standard to be set as a result of the contested case hearing. A final order was entered on June 9, 1982.

The issue is whether the circuit court erred in requiring the commissioner to promulgate rules setting a reasonable premium for the policy proposed by petitioner and in prohibiting the commissioner from using a contested case proceeding to determine if the premium proposed by petitioner was reasonable in relation to the benefits provided. We find that the circuit court did so err, and remand the case for a determination on the merits of petitioner's petition for review concerning the proper premium to be charged.

The United States Supreme Court has held that administrative agencies have discretion to set standards by adjudicating individual cases rather than through formal rule-making procedures. *Securities & Exchange Comm v Chenery Corp*, 332 US 194; 67 S Ct 1575; 91 L Ed 1995 (1947); *Nat'l Labor Relations Board v Bell Aerospace Co, Div of Textron, Inc*, 416 US 267; 94 S Ct 1757; 40 L Ed 2d 134 (1974). This principle has recently been recognized by panels of this Court. In *DAIIE v Comm'r of Ins*, 119 Mich App 113, 117-118; 326 NW2d 444 (1982), the Court stated:

"[A]n administrative agency need not always promulgate rules to cover every conceivable situation before enforcing a statute. Specifically, an administrative agency may announce new principles through adjudicative proceedings in addition to rule-making proceedings. The United States Supreme Court stated in *Securities & Exchange Comm v Chenery Corp*, 332 US 194, 202; 67 S Ct 1575; 91 L Ed 1995 (1947):

" 'Not every principle essential to the effective administration of a statute can or should be cast immediately into the mold of a general rule. Some principles must

await their own development, while others must be adjusted to meet particular, unforeseeable situations. In performing its important functions in these respects, therefore, an administrative agency must be equipped to act either by general rule or by individual order. To insist upon one form of action to the exclusion of the other is to exalt form over necessity.' "

Accord, *Michigan Life Ins Co v Comm'r of Ins*, 120 Mich App 552; 328 NW2d 82 (1982).

This principle is consistent with § 22 of the Credit Insurance Act, MCL 550.622; MSA 24.568(22), which places discretion in the commissioner to adopt rules and regulations "as he deems appropriate for the supervision of the act".

The commissioner was authorized pursuant to § 15 of the act to withdraw his approval of the premium upon a determination, arrived at through a contested case proceeding, that the premium rate charged by petitioner was excessive. We find nothing in the act which would require the commissioner to promulgate a rule establishing a reasonable premium prior to taking action against a particular insurer pursuant to § 15. We agree with the commissioner that it would be wholly unrealistic to require that premiums be set by the rule-making procedures of the APA. Insurance companies in Michigan propose scores of different kinds of insurance policies, the provisions of which are affected by a myriad of variables. If premiums are required to be set by rule, every premium rate for every kind of insurance in Michigan would be subjected to the elaborate rule-making procedures of the APA, and once the premiums were set, they could not be changed except through rule-amendment procedures. The credit insurance act clearly does not envision such a process.

One final observation concerning the position taken by petitioner and the circuit court is in order. The underlying premise of that position is that the commissioner circumvented the rule-making requirements of the APA by establishing a prima facie rate in a contested case. This premise reflects a basic misconception regarding the meaning of a rule under the APA and the function of a prima facie rate.

Section 107 of the APA, MCL 24.207; MSA 3.560(107), provides that a rule is a "statement, standard, policy, ruling or instruction of general applicability". The APA definition of a rule expressly excludes any "order establishing or fixing rates", MCL 24.207(c); MSA 3.560(107)(c), and any "determination, decision or order in a contested case", MCL 24.207(f); MSA 3.560(107)(f). The commissioner's decision to disapprove a particular insurer's premium following a hearing as provided in § 15 of the Credit Insurance Act is not a ruling of general applicability and is not a rule within the meaning of the APA. The rate decision in a contested case is binding only upon the particular insurer or insurers involved.

The circuit court found that the commissioner's decision in this contested case had the effect of setting a prima facie rate for all insurers. However, a prima facie rate is simply a rate which the insurance bureau will accept for filing without detailed actuarial support. It is a practical mechanism which benefits the insurance industry by avoiding the requirement of a detailed actuarial analysis each time a proposed premium is filed. It is simply an expression by the insurance bureau that it will not contest rate filings which fall below that level. The prima facie rate is not binding in the sense that any insurer may propose a higher

premium and litigate the matter through a contested case hearing. Contrary to the circuit court's opinion, there is no requirement that prima facie rates be established pursuant to the rule-making procedures of the APA. Rather, prima facie rates are the logical result of the commissioner's determinations in individual contested cases.

The order of June 9, 1982, is reversed and the matter is remanded to the circuit court for a determination on the merits of petitioner's petition for review.

Reversed and remanded.