DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
COMMISSIONER OF INSURANCE

Docket No. 60097. Submitted June 17, 1982, at Lansing.—Decided
August 26, 1982. Leave to appeal applied for.

Petitioner, Detroit Automobile Inter-Insurance Exchange, fol-
lowed the practice of selling no-fault automobile insurance to
people under age 21 only if they happened to reside with a
parent or guardian who at the time of application was either
already insured or about to become insured with petitioner. In
December of 1978 the respondent, Commissioner of Insurance,
issued an Insurance Bureau Bulletin stating that a very similar
underwriting policy constitutes an unfair trade practice under
Michigan insurance law. Six months later, respondent filed a
complaint against petitioner. In September of 1980, respondent
issued a final order determining that petitioner's underwriting
practice violated Michigan's insurance law, ordering petitioner
to cease and desist, and imposing a $2,500 fine for wilful
violation of the Michigan insurance law. Petitioner appealed to
the Ingham Circuit Court, Thomas L. Brown, J., which upheld
the order issued by the respondent. The circuit court judge
found that respondent had erred in determining that petitioner
had wilfully violated the law, but upheld the $2,500 fine stating
that the petitioner knew or reasonably should have known that
its underwriting practice violated the law. Petitioner appeals
alleging that the three standards relied on by respondent in
determining that petitioner's practice violated the law were
unlawfully used because they were nonpromulgated rules. Peti-
tioner also argues that the statute it was found to have violated
is unconstitutionally vague, that the fine was inappropriate and

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 43 Am Jur 2d, Insurance § 22.
[2] 1 Am Jur 2d, Administrative Law §§ 131, 162-166.
[3] 1 Am Jur 2d, Administrative Law §§ 117, 118.
[4] 43 Am Jur 2d, Insurance § 25.
[5] 73 Am Jur 2d, Statutes §§ 145, 146.
[6] 2 Am Jur 2d, Administrative Law § 656.
[7] 43 Am Jur 2d, Insurance § 19.
  73 Am Jur 2d, Statutes §§ 272, 283-389.

that it did not know, or could not reasonably have known, that its practice violated the law until respondent decided, in this case, that its policy in fact did violate the law. *Held:*

1. Respondent has the power and duty to promulgate rules enforcing the statute regarding unfair methods of competition and unfair or deceptive acts or practices in the business of insurance and carrying out its provisions. However, an administrative agency need not always promulgate rules to cover every conceivable situation before enforcing a statute. An administrative agency may announce new principles through adjudicative proceedings in addition to rule-making proceedings.

2. Petitioner was charged with violating the statute itself, not the standards. The three standards were merely used to support respondent's position.

3. The statute is not unconstitutionally vague because petitioner was in fact put on notice that its conduct violated the statute. The Insurance Bureau Bulletin, which petitioner was aware of, provided that notice.

4. The fine imposed was within the Insurance Bureau's discretion.

5. The Insurance Bureau Bulletin is not law but the Court of Appeals will give deference to the Insurance Bureau's interpretations. Petitioner's interpretation of the "reasonably should have known" standard is clearly outside the statute's intent. Whether or not petitioner could have reasonably known its policy violated the statute is a factual determination.

6. The respondent's interpretation better effectuates the statute's intent. Petitioner's interpretation ignores the statutory language stating that an insurance company may refuse to insure a group only if the cost is unreasonable. The mere fact that one group is more expensive to insure than another does not preclude fixing a reasonable rate.

Affirmed.

1. INSURANCE — COMMISSIONER OF INSURANCE.

The Commissioner of Insurance has the power and duty to promulgate rules enforcing the insurance laws of Michigan and carrying out their provisions (MCL 500.210; MSA 24.1210).

2. ADMINISTRATIVE LAW — RULES — ADJUDICATIVE PROCEEDINGS — RULE-MAKING PROCEEDINGS.

An administrative agency need not always promulgate rules to cover every conceivable situation before enforcing a statute; an administrative agency may announce new principles through

adjudicative proceedings in addition to rule-making proceedings.

3. ADMINISTRATIVE LAW — DUE PROCESS.

Due process requires the existence of reasonably precise standards to be utilized by administrative agencies in the performance of delegated legislative tasks; the standards must be as reasonably precise as the subject matter requires or permits.

4. INSURANCE — FINES — INSURANCE BUREAU.

The imposition of a fine under the statute regarding sanctions for engaging in methods of competition or unfair or deceptive acts or practices prohibited by the Insurance Code is within the discretion of the Insurance Bureau (MCL 500.2038[1][a]; MSA 24.12038[1][a]).

5. STATUTES — JUDICIAL CONSTRUCTION.

The object when interpreting a statute is to ascertain the Legislature's intent.

6. COURTS — ADMINISTRATIVE LAW — STATUTES — JUDICIAL CONSTRUCTION.

Courts should give deference to an administrative agency's interpretation of a statute it is entrusted to enforce.

7. INSURANCE — STATUTES — JUDICIAL CONSTRUCTION.

Insurance laws are to be liberally construed to favor the public, the policyholders and creditors.

*William H. Morman,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Louis J. Porter,* Assistants Attorney General, for respondent.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and J. E. MCDONALD,* JJ.

PER CURIAM. On September 9, 1981, the circuit court upheld an order issued by respondent, Commissioner of Insurance, finding that petitioner, Detroit Automobile Inter-Insurance Exchange, had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

violated MCL 500.2027(a)(ii); MSA 24.12027(a)(ii). Petitioner appeals as of right.

When this suit began, petitionr sold no-fault automobile insurance to people under age 21 only if they happened to reside with a parent or guardian who at the time of application was either already insured or about to become insured with petitioner. On December 12, 1978, respondent issued Insurance Bureau Bulletin 78-27 which stated that a very similar underwriting policy constitutes an unfair trade practice under the above statute. Six months later, respondent filed a complaint against petitioner. On September 18, 1980, respondent issued a final order determining that petitioner's underwriting practice violated the statute, ordering petitioner to cease and desist, and imposing a $2,500 fine for wilful violation of the statute. The circuit court judge affirmed respondent's determination in an opinion dated May 6, 1981. Even though he found that respondent had erred in determining that petitioner had wilfully violated the section, he upheld the $2,500 fine stating that the petitioner knew or reasonably should have known that its underwriting practice violated the statute.

MCL 500.2027; MSA 24.12027 states in part:

"Unfair methods of competition and unfair or deceptive acts or practices in the business of insurance include:

"(a) Refusing to insure * * * or limiting the amount of coverage available to an individual or risk because of any of the following:

* * *

"(ii) The residence, age, handicap, or lawful occupation of the individual or the location of the risk, unless there is a reasonable relationship between the residence, age, handicap, or lawful occupation of the indi-

vidual or the location of the risk and the extent of the risk or the coverage issued, or to be issued, but subject to subparagraph (iii)."

During the proceedings, respondent relied on three standards in determining that petitioner's practice violated the statute:

"1. The risk is so large as to preclude development of a meaningful rate.

"2. The maximum extent of the loss, if the risk is insured, would pose a significant threat of substantial financial loss to the insurer.

"3. The premium to be charged for the risk is so large as to approach the amount of coverage that would be otherwise provided."

Petitioner first argues that neither the circuit court nor respondent could lawfully use these three standards because they were (at that time) nonpromulgated rules.

True, respondent has the power and duty to promulgate rules enforcing the statute and carrying out its provisions. MCL 500.210; MSA 24.1210. However, an administrative agency need not always promulgate rules to cover every conceivable situation before enforcing a statute. Specifically, an administrative agency may announce new principles through adjudicative proceedings in addition to rule-making proceedings. The United States Supreme Court stated in *Securities & Exchange Comm v Chenery Corp,* 332 US 194, 202; 67 S Ct 1575; 91 L Ed 1995 (1947):

"Not every principle essential to the effective administration of a statute can or should be cast immediately into the mold of a general rule. Some principles must await their own development, while others must be adjusted to meet particular, unforeseeable situations. In

performing its important functions in these respects, therefore, an administrative agency must be equipped to act either by general rule or by individual order. To insist upon one form of action to the exclusion of the other is to exalt form over necessity."

See also *National Labor Relations Board v Bell Aerospace Co, Division of Textron, Inc,* 416 US 267; 94 S Ct 1757; 40 L Ed 2d 134 (1974).

Furthermore, petitioner was not charged with violating the standards but was charged with violating the statute itself. The three standards were merely used to support respondent's position. In its opinion, the trial court stated: "Additionally, the commissioner did not hold petitioner only to the standards advanced by the Insurance Bureau in order to justify refusal to insure individuals under twenty-one."

Petitioner next argues that the statute is unconstitutionally vague. However, we addressed this question in *American Way Service Corp v Comm'r of Ins,* 113 Mich App 423, 436; 317 NW2d 870 (1982):

"[D]ue process requires the existence of reasonably precise standards to be utilized by administrative agencies in the performance of delegated legislative tasks. The standards must be as reasonably precise as the subject matter requires or permits. * * * The reason for this requirement is to insure that 'individuals are not held responsible by the state for conduct that they could not reasonably understand to be proscribed'. * * *

"In the present case, § 2027 contains clear and unambiguous language defining its proscribed conduct. The only language in that statute that does not offer specific guidance to insurers is the 'reasonable relationship' exception in subparagraph (ii). However, an assistant actuary to the Insurance Bureau testified that the actual standards that determine the relationship be-

tween the risk of loss and age are well known in the industry and capable of calculation with scientific certainty. Thus, the statute does appear to be as reasonably precise as the subject matter requires."

In the present case, the statute is not unconstitutionally vague because petitioner was in fact put on notice that its conduct violated the statute. Bulletin 78-27, which petitioner was aware of, provided that notice.

Petitioner next argues that the $2,500 fine was inappropriate. MCL 500.2038(1)(a); MSA 24.12038(1)(a) allows respondent to order:

"Payment of a monetary penalty of not more than $500.00 for each violation but not to exceed an aggregate penalty of $5,000.00, unless the person knew or reasonably should have known he was in violation of this chapter, in which case the penalty shall not be more than $2,500.00 for each violation and shall not exceed an aggregate penalty of $25,000.00 for all violations committed in a 6-month period."

Imposing a fine under this statute is within the Insurance Bureau's discretion. *American Way Service Corp, supra.*

Petitioner argues that it did not know, or could not reasonably have known, that its practice violated the statute until respondent decided (in this case) that its policy in fact did violate the statute, and that Bulletin 78-27 is not law. True, Bulletin 78-27 is not law, but the courts generally do give deference to administrative agency interpretations. *Szabo v Ins Comm'r,* 99 Mich App 596; 299 NW2d 364 (1980). Whether or not petitioner could have reasonably known that its underwriting policy violated the statute is a factual determination. If we allowed petitioner's definition of "reasonably should have known" to prevail, only repeat offend-

ers would be subject to this act. Such an interpretation is clearly outside the statute's intent.

Petitioner last argues that not only are respondent's three standards not supported by the statute but that its own interpretation is correct. However, the three standards' correctness is not the issue. The real issue is whether or not petitioner's policy in fact violated the statute.

In interpreting a statute, we must look to the Legislature's intent. *Smith v City Comm of Grand Rapids,* 281 Mich 235; 274 NW 776 (1937). However, courts give deference to an administrative agency's interpretation of a statute it is entrusted to enforce. *Chrysler Corp v Dep't of Civil Rights,* 117 Mich App 95; — NW2d — (1982). In fact, insurance laws are to be liberally construed to favor the public, the policyholders, and creditors. *Attorney General ex rel Comm'r of Ins v Michigan Surety Co,* 364 Mich 299; 110 NW2d 677 (1961).

We find that respondent's interpretation better effectuates the statute's intent than petitioner's. Petitioner's interpretation ignores the statutory language stating that an insurance company may refuse to insure a group only if the cost is unreasonable. The mere fact that one group is more expensive to insure than another does not preclude fixing a reasonable rate. This point is especially pertinent because car drivers must carry insurance to drive in this state. MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

The lower court's order affirming respondent's order is affirmed. Respondent may assess costs.