SCHINZEL v DEPARTMENT OF CORRECTIONS

Docket No. 60373. Submitted November 17, 1982, at Detroit.—Decided January 28, 1983.

Joseph Schinzel brought an action for mandamus in the Court of Appeals against the Department of Corrections and John Jabe, Superintendent of the Kinross Correctional Facility, to compel the defendants to comply with the Administrative Procedures Act before enforcing a rule prohibiting inmates from receiving postage stamps sent through the mail. Defendants claimed that the prohibition, established in an intra-agency memorandum affecting only inmates of the institution, and the policy directive were only interpretive of the departmental rule prohibiting correspondence containing contraband. *Held:*

1. A policy directive of an administrative agency which affects the rights and practices available to the public must be promulgated as a rule in conformance with the Administrative Procedures Act to be valid. The public has a right to send postage stamps to inmates through the mail.

2. Postage stamps cannot be considered contraband.

Mandamus granted.

ADMINISTRATIVE LAW — RULES — POLICY DIRECTIVES.

A policy directive of an administrative agency which affects the rights and practices available to the public must be promulgated as a rule in conformance with the Administrative Procedures Act to be valid.

Joseph Schinzel, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael J. Moquin,* Assistant Attorney General, for defendant.

REFERENCE FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law § 201 *et seq.*

Before: M. F. Cavanagh, P.J., and R. B. Burns and Cynar, JJ.

Per Curiam. Plaintiff, an inmate at the Kinross Correctional Facility, brings this original action pursuant to MCL 600.4401; MSA 27A.4401, and GCR 1963, 710.7, 714.1(1), seeking a writ of mandamus ordering the defendants to comply with the Administrative: Procedures Act's (APA) requirements for processing a rule before prohibiting inmates at the facility from receiving postage stamps sent through the mail. Plaintiff began this action after failing to prevail in the institutional grievance procedure. This Court issued an order directing the defendants to show cause why the writ of mandamus should not be issued.

Defendants argue that the facility's prohibition against the receipt by residents of postage stamps sent through the mail is a policy established by an intra-agency memorandum which affects only the inmates of that institution, and thus the rule promulgation requirements of the APA are not applicable. Defendants do not dispute the fact that they are an agency whose proceedings are subject to the APA or that the APA's rule processing procedures were not complied with in this case. Defendants merely argue that their intra-agency memorandum comes under a specific exception to the APA's definition of a "rule" and thus did not need to be promulgated under the APA in order to become effective.

The APA defines a "rule" in the following manner:

" 'Rule' means an agency regulation, statement, standard, policy, ruling or instruction of general applicability, which implements or applies law enforced or administered by the agency, or which prescribes the orga-

nization, procedure or practice of the agency, including the amendment, suspension or rescission thereof, but does not include the following:

\* \* \*

"(g) An intergovernmental, interagency or intra-agency memorandum, directive or communication which does not affect the rights of, or procedures and practices available to, the public." MCL 24.207; MSA 3.560(107).

Defendants' labeling of its directive as an "intra-agency memorandum" is not dispositive of the question of whether it should fall under the foregoing exception to the APA's definition of a "rule". Rather, our analysis must focus on the actual action undertaken by the directive, to see whether the policy being implemented has the effect of being a rule.

Defendants argue that the policy directive restricting the inmates' receipt of postage stamps through the mail does not affect the rights, procedures, or practices available to the public. We disagree. The inmates must have been receiving their postage stamps mainly from members of the general public, *i.e.,* families and friends, rather than solely from inmates in other facilities.[1] The effect of the new prohibition is to deny members of the general public their legal right to send postage stamps to inmates. As such, the policy directly affects and interferes with the rights and practices available to the public.

The Michigan Supreme Court noted in *Michigan Farm Bureau v Bureau of Workmen's Compensation,* 408 Mich 141, 150-151, fn 4; 289 NW2d 699 (1980):

---

[1] We do not at this time express any opinion as to whether or not inmates of a prison facility are considered members of the "public" under MCL 24.207(g); MSA 3.560(107)(g).

"Expressly *excluded* from the definition of 'rule' is an agency's 'memorandum, directive or communication which *does not affect* the rights of, or procedures and practices available to, the public'. MCL 24.207(g); MSA 3.560(107)(g) (emphasis added). The Michigan act mandates the promulgation of *rules* by an agency 'prescribing its procedures available to the public and the methods by which the public may obtain information and submit requests'. MCL 24.233(2); MSA 3.560(133)(2). *It appears then that our act may actually require state agencies to promulgate, as rules, their regulations, statements, standards, policies, etc., which affect the rights of, or procedures available to, the public."* (Emphasis added.)

We agree and hold that a policy directive may not be considered an intra-agency memorandum under MCL 24.207(g); MSA 3.560(107)(g) when it affects the rights and practices available to the public; it must be promulgated as a rule under the proper procedures set out by the APA. It must be remembered that we are not concerned here with whether defendant Department of Corrections has the power to restrict the inmates' receipt of postage stamps; our only concern is whether the policy has been properly implemented.

Defendants also argue that the policy directive was an interpretive statement and thus an exception to the definition of a rule under MCL 24.207(h); MSA 3.560(107)(h). See *Michigan Farm Bureau, supra,* p 148. Defendants rely on 1979 AC, R 791.6603, a rule promulgated by defendant Department of Corrections, which concerns the mail rights of inmates and prohibits correspondence containing contraband. Defendants' policy directive declared that any stamps sent to inmates in the future would be "handled in the same manner as other contraband arriving through the mail".

Although there is no doubt that defendant De-

partment of Corrections can refuse to deliver mail containing contraband, that term is not defined anywhere in the department's rules. "Contraband" is generally understood to be goods or merchandise whose importation, exportation, or possession is prohibited by law. Black's Law Dictionary (rev 4th ed, 1968), p 393. Thus, the defendants' policy directive equating postage stamps, the importation, exportation, or possession of which is clearly not prohibited by law, with contraband cannot be deemed an interpretive statement of what "contraband" means; it changes that term's very definition.

We hereby grant the plaintiff's writ of mandamus. Defendants must comply with the APA's requirements for processing a rule before they can prohibit the inmates of the Kinross Correctional Facility from receiving postage stamps sent through the mail.