SCHINZEL v MARQUETTE PRISON WARDEN

Docket No. 58561. Submitted November 18, 1982, at Detroit.—Decided March 8, 1983. Leave to appeal applied for.

Joseph Schinzel brought an action in the Chippewa Circuit Court against the Marquette Prison Warden to regain possession of legal materials withheld from him when he transferred from Marquette Prison to the Kinross Correctional Facility. Plaintiff's legal materials exceeded the institutional limits set out in a Bureau of Correctional Facilities policy directive. The court, Nicholas J. Lambros, J., dismissed plaintiff's complaint. Plaintiff appealed by leave granted. *Held:*

The policy directive was not promulgated in accordance with the Administrative Procedures Act. A policy directive of the Department of Corrections not promulgated pursuant to the provisions of the Administrative Procedures Act is without legal authority. Plaintiff is entitled to his legal materials.

Reversed and remanded.

ADMINISTRATIVE LAW — POLICY DIRECTIVES — ADMINISTRATIVE PROCEDURES ACT.

A policy directive of the Department of Corrections not promulgated pursuant to the provisions of the Administrative Procedures Act is without legal authority.

Joseph Schinzel, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Eric J. Eggan,* Assistant Attorney General, for defendant.

Before: M. F. CAVANAGH, P.J., and R. B. BURNS and CYNAR, JJ.

R. B. BURNS, J. Plaintiff, acting *in propria per-*

REFERENCE FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law § 201 *et seq.*

*sona,* was granted a delayed application for leave to appeal from an April 16, 1981, circuit court order granting summary judgment to defendant, pursuant to GCR 1963, 117.2(3). Defendant filed a motion to affirm pursuant to GCR 1963, 817.5(3), which this Court denied on September 15, 1982.

Plaintiff's complaint alleged that the Marquette Prison administration reneged on a promise to allow him to transfer his legal papers and materials with him to Kinross Correctional Facility. Plaintiff's legal materials exceeded the institutional transfer limits as set out in a Bureau of Correctional Facilities policy directive, which allows a prisoner to transfer one duffel bag and one foot locker. Plaintiff's complaint sought an *ex parte* temporary restraining order preventing defendant from denying plaintiff access to and actual possession of the legal materials which he was not allowed to transfer with him to Kinross Correctional Facility.

The trial court dismissed without opinion plaintiff's complaint on April 16, 1981. Plaintiff now appeals, claiming that he was denied due process of law because the trial court failed to consider his motion for summary judgment and arguments. Plaintiff claimed that the affidavits filed by defendant in support of its motion for summary judgment did not comply with the pertinent court rules, GCR 1963, 117.3 and 116.4, and that defendant's motion for summary judgment failed to state a valid defense to the complaint because the policy directive had not been properly promulgated as a rule in accordance with the Administrative Procedures Act, and was not proper authority upon which the court could rely in dismissing his complaint.

We find that any defects in the affidavits submit-

ted were not prejudicial. Plaintiff's claim is one which would place form over substance. While it is true that the affidavits do not specifically state that they are made on personal knowledge and that the affiant, if sworn as a witness, can testify competently to the facts contained therein, the affidavits show on their face that the affiants were speaking from personal knowledge and would be able to testify competently if sworn as witnesses. Therefore, the court rules were followed although not in the express language of GCR 1963, 117.3 and 116.4.

However, we find merit in plaintiff's claim that the circuit court erroneously relied upon the Department of Corrections policy directive. The policy directive was not promulgated as a rule within the meaning of the Administrative Procedures Act as defined in MCL 24.207; MSA 3.560(107), or that of a properly adopted guideline pursuant to MCL 24.224; MSA 3.560(124). The trial court erred in relying upon the policy directive as a departmental rule when it has not been officially adopted as a rule or even a guideline.

According to MCL 791.206; MSA 28.2276, the director of the Department of Corrections, with the approval of the commission, "shall promulgate rules and regulations" to provide "for the management and control of state penal institutions". Because the policy directive was not properly promulgated pursuant to the Administrative Procedures Act, it is without legal authority. The rulemaking procedures of the Administrative Procedures Act may not be circumvented. *County of Delta v Dep't of Natural Resources,* 118 Mich App 458; 325 NW2d 455 (1982). See also *Mallchok v Liquor Control Comm,* 72 Mich App 341; 249 NW2d 415 (1976).

Therefore, although defendant's conduct is certainly not egregious, as plaintiff was even allowed to take two extra briefcases full of legal materials with him, in the absence of a properly adopted rule or regulation, plaintiff is entitled to take all of his legal materials with him when he is transferred from one prison to another.

Plaintiff's claim that his motions were not considered is without merit, as it appears that the motions were considered and denied. Furthermore, plaintiff's claim that he is denied access to the courts fails because he has access through the mail and his status as a prisoner was presumably conferred through due process of law.

Reversed and remanded to the trial court for proceedings consistent with this opinion.