MARTIN v DEPARTMENT OF CORRECTIONS

Docket No. 71040. Submitted February 16, 1984, at Lansing.—Decided January 23, 1985. Leave to appeal granted, 422 Mich __.

Morris Martin, an inmate of the State Prison of Southern Michigan, was found guilty of major misconduct involving substance abuse following a disciplinary hearing and was disciplined. He filed a complaint against the Department of Corrections in Ingham Circuit Court seeking a declaratory judgment that defendant had failed to promulgate as a rule the policy directive under which he was found guilty of major misconduct, that without being properly promulgated as a rule a policy directive does not have the force and effect of law, that defendant therefore could not validly find him guilty and discipline him for conduct prohibited by only a directive, and that the finding of guilty of major misconduct should be expunged from his record. Both parties moved for summary judgment. The court, Robert H. Bell, J., granted summary judgment in favor of defendant, finding that state agencies need not promulgate as rules policy directives that do not affect the public, that prison inmates are not members of the general public, and that the directive therefore did not need to be promulgated as a rule to validly apply to defendant. Plaintiff appealed. *Held:*

The word "public" is not defined in the Administrative Procedures Act as that term is used in the section which addresses promulgation of rules. In the absence of a definition in the act, the ordinary meaning of "public" must be applied. Under the ordinary meaning of "public", inmates are members of the public. The trial court erred in finding that inmates are not members of the public and in granting summary judgment in favor of defendant on that basis.

Reversed and remanded.

SHEPHERD, J., concurred but points out that the Court of Appeals decision merely finds that summary judgment was incorrectly granted based on an erroneous finding by the trial

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 1 Am Jur 2d, Administrative Law § 96.
  2 Am Jur 2d, Administrative Law § 278 *et seq.*
[2] 21A Am Jur 2d, Criminal Law §§ 1022, 1032 *et seq.*

court that prisoners are not members of the public and that on remand defendant may cite other grounds for its failure to promulgate the directive as a rule. The decision neither overturns the result of plaintiff's disciplinary proceeding nor restores any disciplinary credits to him. Those issues remain open.

1. Administrative Law — Rules — Policy Directives.

A policy directive of an administrative agency which affects the rights and practices available to the public must be promulgated as a rule in conformance with the Administrative Procedures Act to be valid.

2. Prisons and Prisoners — Status — Public Community.

A prisoner is a member of the public community whether in or out of jail; however, when incarcerated, the prisoner is prevented by law from exercising the rights and privileges he enjoys as a free member of society.

3. Administrative Law — Rules — Policy Directives — Prisons and Prisoners — Administrative Procedures Act.

The provision of the Administrative Procedures Act which excepts intergovernmental, interagency, or intra-agency memoranda, directives or communications which do not affect the rights of, or procedures and practices available to, the public from being considered an agency rule subject to the requirements of rule promulgation does not apply to a Department of Corrections policy directive affecting prison inmates since inmates are members of the public within the meaning of the act (MCL 24.207[g]; MSA 3.560[107][g]).

Morris Martin, *in propria persona,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *J. Peter Lark,* Assistant Attorney General, Corrections Division, Criminal Appeals Section, for defendant.

Before: Danhof, C.J., and Hood and Shepherd, JJ.

Per Curiam. Plaintiff, *in pro per,* appeals as of right from the circuit court order which granted defendant's motion for summary judgment.

Plaintiff is an inmate of the State Prison of Southern Michigan. He filed this action with a complaint for declaratory judgment. Apparently, defendant disciplined plaintiff for "substance abuse", an offense defined as a major misconduct in defendant's Policy Directive 60.01. That directive sets out the guidelines and procedures to be used by defendant for disciplinary actions within Michigan's prisons. Plaintiff alleged that defendant failed to promulgate directive 60.01 as a rule pursuant to the Administrative Procedures Act (APA), MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*

Both parties filed motions for summary judgment. Plaintiff argued that Policy Directive 60.01 is a "rule" as defined by the APA but was not properly promulgated as such. Defendant argued that Policy Directive 60.01 need not be promulgated pursuant to the APA because it is not a "rule" as defined in the APA. Defendant argues that state agencies need not promulgate rules if they do not affect the public, MCL 24.207(g); MSA 3.560(107)(g), and prison inmates are not members of the public.

In a short opinion and order, the trial court agreed with defendant that prisoners in defendant's custody were not members of the general public. Therefore, the court found that the major misconduct violations found in defendant's policy directive need not be promulgated in accord with the APA. We disagree and reverse.

By statute, defendant's director shall promulgate rules pursuant to the APA which shall provide for the management and control of state penal institutions. MCL 791.206; MSA 28.2276. A "rule" is defined by the APA as follows:

" 'Rule' means an agency regulation, statement, standard, policy, ruling or instruction of general applicabil-

ity, which implements or applies law enforced or administered by the agency, or which prescribes the organization, procedure or practice of the agency, including the amendment, suspension or rescission thereof, but does not include the following:

"(g) An intergovernmental, interagency, or intra-agency memorandum, directive or communication which does not affect the rights of, or procedures and practices available to, the public." MCL 24.207; MSA 3.560(107).

The defendant has indeed heeded the above statutory mandates by promulgating some general rules pursuant to the APA which do affect only inmates. See 1979 AC, R 791.5501—R 791.5515. Rule 501(2) defines a major misconduct:

"(2) A resident alleged to have committed the following behavior shall be charged with major misconduct:

"(a) Escape or attempt to escape.

"(b) Behavior that constitutes a felony under state or federal law.

"(c) Serious insubordination as defined in resident guide book.

"(d) Assault or threat of violence.

"(e) Repeated rule violations as defined in resident guide book.

"(f) A violation of rules that clearly jeopardizes facility security or safety as defined in resident guide book."

"Substance abuse", without further definition, is not included as a major misconduct in the above rule.

Plaintiff relies upon *Schinzel v Marquette Prison Warden (Schinzel II),* 123 Mich App 763; 333 NW2d 348 (1983), *modified in part and lv den* 419 Mich 865; 348 NW2d 5 (1984). In *Schinzel II,* the plaintiff inmate alleged that the defendant failed to allow him, as promised, to take all his property and papers when he was transferred to another

prison facility. Defendant's policy directive allowed a prisoner to take only one duffel bag and one foot locker when the prisoner was transferred. Plaintiff argued, as here, that the policy directive was not properly promulgated as a rule in accordance with the APA. This Court said:

"[W]e find merit in plaintiff's claim that the circuit court erroneously relied upon the Department of Corrections policy directive. The policy directive was not promulgated as a rule within the meaning of the Administrative Procedures Act as defined in MCL 24.207; MSA 3.560(107), or that of a properly adopted guideline pursuant to MCL 24.224; MSA 3.560(124). The trial court erred in relying upon the policy directive as a departmental rule when it has not been officially adopted as a rule or even a guideline.

"According to MCL 791.206; MSA 28.2276, the director of the Department of Corrections, with the approval of the commission, 'shall promulgate rules and regulations' to provide 'for the management and control of state penal institutions'. Because the policy directive was not properly promulgated pursuant to the Administrative Procedures Act, it is without legal authority." *Schinzel II,* p 765.

This Court then stated that, in the absence of a validly promulgated rule prohibiting plaintiff from taking all his property, plaintiff was entitled to take the property when transferred. On appeal to the Supreme Court, the Court said:

"[I]n lieu of grant of leave to appeal, the judgment of the Court of Appeals is modified in the following respect: on an appeal from summary judgment it was error for the Court of Appeals to state 'plaintiff is entitled to take all of his legal materials with him when he is transferred from one prison to another'. A determination that defendant could not rely upon an informal policy directive as a defense, if correct, does not resolve whether plaintiff has stated a cause of action

*requiring a transfer of the property.* The question whether plaintiff is entitled to relief remains open. In all other respects leave to appeal is denied." 419 Mich 865.

Despite the rule in *Schinzel II, supra,* stating that defendant's policy directive was a rule within the meaning of the APA, defendant argues that the issue remains open. Defendant relies upon *Schinzel v Dep't of Corrections (Schinzel I),* 124 Mich App 217; 333 NW2d 519 (1983). In that case, the same panel that decided *Schinzel II* was faced with a similar issue. Defendant, by intra-agency memorandum, prohibited inmates from receiving postage stamps sent to them through the mail. In *Schinzel I,* as here, defendant argued that APA § 7(g) excepted the promulgation of its directive as a rule. This Court said:

"Defendants argue that the policy directive restricting the inmates' receipt of postage stamps through the mail does not affect the rights, procedures, or practices available to the public. We disagree. The inmates must have been receiving their postage stamps mainly from members of the general public, *i.e.,* families and friends, rather than solely from inmates in other facilities.[1] The effect of the new prohibition is to deny members of the general public their legal right to send postage stamps to inmates. As such, the policy directly affects and interferes with the rights and practices available to the public.

---

"[1] We do not at this time express any opinion as to whether or not inmates of a prison facility are considered members of the "public" under MCL 24.207(g); MSA 3.560(107)(g)." *Schinzel I,* p 219.

---

Defendant argues that in this case, unlike *Schinzel II,* its policy directive does not affect anyone other than inmates. Thus, subsection (g) should apply.

In *Green v Dep't of Corrections,* 30 Mich App

648; 186 NW2d 792 (1971), *aff'd* 386 Mich 459; 192 NW2d 491 (1971), this Court determined that penal institutions were public buildings within the meaning of the statutory public building exception to the governmental immunity statute, MCL 691.1406; MSA 3.996(106). This Court also said of the plaintiff inmate:

> "Similarly, plaintiff is a member of the public community *whether in or out of jail.* The difference being that when incarcerated, he is prevented, by law, from exercising the rights and privileges he enjoyed as a free member of society.[7]

---

[7] It would be illogical to describe prisoners as 'private' citizens when in jail and as 'public' citizens when free. These terms have been defined by the Michigan Supreme Court in *People v Powell,* 280 Mich 699, 702, 703; 274 NW2d 372 (1937) to mean: 'The words "public" and "private" are generally used in contradistinction to each other. "Private" is defined by Webster (New International, 2d Ed) as "belonging to, or concerning, an individual person, company, or interest." "Public" is defined as "of or pertaining to the people; relating to, belonging to, or affecting, a nation, state, or community at large;—opposed to private." Bouvier (Rawle's 3d Rev) defines "private" as "affecting or belonging to individuals, as distinct from the public generally;" and defines "public" as "the whole body politic, or all the citizens of the state. The inhabitants of a particular place."

" 'Of the word "public," *Corpus Juris* says:

" ' "In one sense, the 'public' is everybody; and accordingly 'public' has been defined or employed as meaning the body of the people at large; the community at large, without reference to the geographical limits of any corporation like a city, town, or county; the people; the whole body politic; * * * or all the citizens of the state.

" ' "In another sense the word does not mean all the people, nor most of the people, nor very many of the people of a place, but so many of them as contradistinguishes them from a few. Accordingly, it has been defined or employed as meaning the inhabitants of a particular place; all the inhabitants of a particular place; the people of the neighborhood." 50 C.J., pp 844-845.' " *Green, supra,* 30 Mich App 654-655. (Emphasis added.)

---

The Supreme Court adopted verbatim the Court of Appeals language that held that the plaintiff inmate was a member of the public community whether in or out of jail. 386 Mich 464. We find that *Green* control our decision in this case.

The APA does not define the word "public" as it is used in MCL 24.207(g); MSA 3.560(107)(g). Thus, we consider the word "public" defined by its ordinary meaning. *People v Powell,* 280 Mich 699, 703; 274 NW 372 (1937). Based upon the ordinary meaning of the word "public" as defined in *Powell,* p 702, and as adopted in *Green, supra,* we find that defendant's inmates are members of the public within the meaning of the APA. Therefore, the APA § 7(g) exception does not apply in this case.

Reversed and remanded.

SHEPHERD, J. *(concurring).* I join the majority's opinion because I agree that prisoners are members of the public, so that the exception (for internal directives) to the requirements of rule promulgation, MCL 24.207(g); MSA 3.560(107)(g), is not a defense to plaintiff's claim. Accordingly, summary judgment was incorrectly granted on that basis.

However, our decision is not dispositive of the merits of this case. This is an appeal from a grant of summary judgment. On remand, defendant may cite other grounds for the department's failure to promulgate the directive as a rule. See, MCL 24.207(h); MSA 3.560(107)(h). Furthermore, defendant may attempt to establish, if it can, that the substance abuse committed by plaintiff is a violation of Rule 501(2), *e.g.,* behavior that constitutes a felony, serious insubordination, repeated rule violations or violation of rules that clearly jeopardizes facility security. Our decision neither overturns the result of plaintiff's disciplinary proceeding nor restores any disciplinary credits to him. Those issues remain open. *Schinzel v Marquette Prison Warden,* 419 Mich 865; 348 NW2d 5 (1984).