KIRKEBY v DEPARTMENT OF CORRECTIONS

Docket No. 76736. Submitted October 4, 1984, at Lansing.—Decided
January 31, 1985. Leave to appeal granted, 422 Mich —.

Petitioner, Arthur Kirkeby, an inmate at the State Prison of
Southern Michigan, was issued a major misconduct violation
after a container of dried bleach was found in his cell. He then
brought a petition in the Ingham Circuit Court for the judicial
review of the final administrative decision by the Department
of Corrections hearing officer. Petitioner contended that the
directive under which he was charged with misconduct was not
promulgated in conformity with the Administrative Procedures
Act. The circuit court, Thomas L. Brown, J., affirmed the
hearing officer's finding and dismissed the petition based in
part on lack of jurisdiction. Petitioner appeals. *Held:*

1. Not all prison disciplinary directives are subject to the
rule-making provisions of the APA. Excluded are intergovern-
mental, interagency or intra-agency memoranda, directives or
communications which do not affect the rights of, or procedures
and practices available to, the public.

2. The prison directive in question affects only persons under
the jurisdiction of the Department of Corrections. It does not
affect members of the general public and, therefore, the direc-
tive is not subject to the APA.

3. Intra-agency directives need not strictly comply with the
rule-making procedures of the APA.

Affirmed.

1. PRISONS AND PRISONERS — ADMINISTRATIVE LAW — RULE-MAKING
    PROCEDURES — DISCIPLINARY DIRECTIVES.

    Not all prison disciplinary directives are subject to the rule-
    making provisions of the Administrative Procedures Act; ex-
    cluded from the requirements of conformity with the Adminis-
    trative Procedures Act are intergovernmental, interagency or
    intra-agency memoranda, directives or communications which
    do not affect the rights of, or procedures and practices available
    to, the public (MCL 24.207[g]; MSA 3.560[107][g]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Penal and Correctional Institutions § 41 *et seq.*
[1, 2] 1 Am Jur 2d, Administrative Law § 131 *et seq.*

2. ADMINISTRATIVE LAW — RULE-MAKING PROCEDURES — INTRA-AGENCY DIRECTIVES.

    Intra-agency directives need not strictly comply with the rule-making procedures of the Administrative Procedures Act.

Arthur Kirkeby, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edgar L. Church, Jr.,* Assistant Attorney General, for respondent.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

PER CURIAM. Petitioner appeals as of right from an order by the circuit court which affirmed a Department of Corrections hearing officer's finding of a major misconduct violation.

Petitioner is an inmate at the State Prison of Southern Michigan. On September 27, 1983, he was issued a major misconduct violation after a container of dried bleach was found in his cell. Petitioner brought a petition for judicial review of the final administrative decision in accordance with MCL 24.301 *et seq.;* MSA 3.560(201) *et seq.* The circuit court dismissed his petition based in part on lack of jurisdiction.

Petitioner's position is that the directive under which he was charged with misconduct was not promulgated in conformity with the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* We disagree. Not all prison disciplinary directives are subject to the rule-making provisions of the APA. Excluded from the APA are:

"An intergovernmental, interagency or intra-agency memorandum, directive or communication which does

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

not affect the rights of, or procedures and practices available to, the public." MCL 24.207(g); MSA 3.560(107)(g).

In *Schinzel v Dep't of Corrections,* 124 Mich App 217; 333 NW2d 519 (1983), this Court noted that, where a policy directive affected the rights of the public, the policy directive in question was required to comply with the APA. Petitioner's case is different than *Schinzel.* The prison directive in question affects only persons under the jurisdiction of the Department of Corrections. It does not affect members of the general public as the directive at issue in *Schinzel* did. Because the directive in question does not affect the rights of the public as suggested by the tenor of MCL 24.207(g); MSA 3.560(107)(g), the directive is not subject to the APA. Intra-agency directives need not strictly comply with the rule-making procedures of the APA. The circuit court ruling is affirmed.

Affirmed.