THOMPSON v DEPARTMENT OF CORRECTIONS

Docket No. 71504. Submitted May 2, 1984, at Lansing.—Decided May 20, 1985.

Plaintiff, Gerald F. Thompson, an inmate at the Kinross Correctional Facility, brought an action against the Michigan Department of Corrections, alleging that the department's policy directive pursuant to which inmates are assigned a security status was not properly promulgated as a rule under the Administrative Procedures Act. The Ingham Circuit Court, James R. Giddings, J., granted summary judgment in favor of the department, holding that the directive is not a "rule" for purposes of the Administrative Procedures Act because it does not affect the rights of the public. Plaintiff appealed. *Held:*

1. Prisoners are members of the public for purposes of the provision of the APA excepting directives which do not affect the public from the requirement of promulgation under the act. The trial court erred in holding otherwise.

2. The trial court reached the right result, however, although for the wrong reason. The directive in question may be considered a functional interpretation of properly promulgated rules and is consistent with those rules. Such a directive is not a "rule" which itself must be promulgated under the APA.

Affirmed.

CYNAR, J., concurred in the result but would hold that inmates are not members of the public for purposes of the APA and that the directive in question, which affects only prison inmates, is therefore excepted from the requirements of the APA.

OPINION OF THE COURT

1. ADMINISTRATIVE LAW — RULES — POLICY DIRECTIVES — PRISONS AND PRISONERS — ADMINISTRATIVE PROCEDURES ACT.

The provision of the Administrative Procedures Act which excepts intergovernmental, interagency, or intra-agency memo-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 1 Am Jur 2d, Administrative Law § 96.
[2] 5 Am Jur 2d, Appeal and Error §§ 727, 785.
[3] 1 Am Jur 2d, Administrative Law §§ 95, 96.

randa, directives or communications which do not affect the rights of, or procedures and practices available to, the public from being considered an agency rule subject to the requirements of rule promulgation does not apply to a Department of Corrections policy directive affecting prison inmates since inmates are members of the public within the meaning of the act (MCL 24.207[g]; MSA 3.560[107][g]).

2. APPEAL — RIGHT RESULT FOR WRONG REASON.

The Court of Appeals will not change a correct result reached by a trial court even though based upon a wrong reason.

3. ADMINISTRATIVE LAW — RULES — POLICY DIRECTIVES — INTERPRETIVE STATEMENTS.

A Department of Corrections policy directive which is a functional interpretation of properly promulgated rules, providing specific guidance for department personnel consistent with those rules, need not itself be promulgated as a rule in accordance with the Administrative Procedures Act (MCL 24.207[h]; MSA 3.560[107][h], Department of Corrections Policy Directive 30.06).

CONCURRENCE BY CYNAR, J.

4. ADMINISTRATIVE LAW — RULES — POLICY DIRECTIVES — PRISONS AND PRISONERS.

*A Department of Corrections policy directive affecting prison inmates is excepted from the requirement for promulgation as a rule pursuant to the Administrative Procedures Act because prison inmates are not members of the general public within the meaning of the act (MCL 24.207[g]; MSA 3.560[107][g], Department of Corrections Policy Directive 30.06).*

Gerald F. Thompson, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edgar L. Church, Jr.,* Assistant Attorney General, for defendant.

Before: SHEPHERD, P.J., and CYNAR and S. D. BORMAN,* JJ.

SHEPHERD, P.J. Plaintiff appeals as of right from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a grant of summary judgment, GCR 1963, 117.2(3). We affirm.

Plaintiff is an inmate at the Kinross Correctional Facility in Chippewa County. In his "complaint for mandamus", he alleged that defendant's scheme for risk classification of inmates is implemented through a directive (Policy Directive 30.06) which defendant had not promulgated as a "rule" under the Michigan Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*[1] The directive provides that each inmate be interviewed by defendant's personnel and assigned a security status. Plaintiff claimed that, as a result of his "middle risk" status, he did not qualify for community placement programs.

The circuit judge agreed with defendant's argument that the directive is not a "rule" which must be promulgated pursuant to the Administrative Procedures Act because it "does not affect the rights of, or procedures and practices available to, the public". MCL 24.207(g); MSA 3.560(107)(g). We disagree. As recently noted by another panel of this Court, prisoners are members of the "public" for purposes of MCL 24.207(g). *Martin v Dep't of Corrections,* 140 Mich App 323; 364 NW2d 322 (1985). We agree with this aspect of the *Martin* decision.

If, however, the trial judge reached the right result for a wrong reason, this Court will not change the result. *Peninsular Construction Co v Murray,* 365 Mich 694, 699; 114 NW2d 202 (1962); *Durbin v K-K-M Corp,* 54 Mich App 38, 46; 220 NW2d 110 (1974), *lv den* 394 Mich 789 (1975). We believe this to be so here.

---

[1] See, also, MCL 791.206; MSA 28.2276. Plaintiff also claimed that application of the directive solely to male inmates constitutes invidious discrimination. This issue is not briefed on appeal. We consider it abandoned. *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959).

Plaintiff admits the existence of properly promulgated rules relating to security classification of prisoners. 1979 AC, R 791.4401 *et seq.* We believe the directive at issue in this case may fairly be considered a functional interpretation of these rules, and hence not a rule which must itself be promulgated as such. Under MCL 24.207(h); MSA 3.560(107)(h), a "rule" does not include "an interpretive statement * * * which in itself does not have the force and effect of law but is merely explanatory". Such interpretive statements are not subject to the various strictures applied to administrative rules. OAG, 1968, No. 4614, p 225 (April 4, 1968).

Of course, the directive could not be considered an "interpretive statement" if it were inconsistent with the rules or contained provisions which went beyond the scope of the rules. *Schinzel v Dep't of Corrections,* 124 Mich App 217, 220-221; 333 NW2d 519 (1983). We find no such inconsistency. The rules, like the directive, mandate examination and evaluation of prisoners and assignment of a security classification to each of them. R 791.4401(3). Classification is based on "behavior, attitude, circumstances, and the likelihood that the trust implicit with the level of security prescribed will be honored". R 791.4401(1). In addition, classification is made "according to security requirements necessary for [the inmates'] protection, the safety of others, the protection of the general public, prevention of escape, and maintenance of control and order". *Id.;* see, also, R 791.4410. The directive merely provides a means of determining the risk which might be posed to security by a given inmate.

"[A]n administrative agency need not always promulgate rules to cover every conceivable situation before enforcing a statute." *DAIIE v Comm'r*

*of Insurance,* 119 Mich App 113, 117; 326 NW2d 444 (1982), *lv den* 417 Mich 1077 (1983). We think the same can be said with regard to application of a properly promulgated rule. Policy Directive 30.06 provides specific guidance for defendant's personnel. It is consistent with the rules governing security classification of prisoners. We hold that the directive is an interpretive statement which need not be promulgated as a rule pursuant to the Administrative Procedures Act.

Affirmed. No costs, a public issue being involved.

S. D. BORMAN, J., concurred.

CYNAR, J. *(concurring).* I concur in the result, however, I do not believe the directive in question is controlled by MCL 24.207(g); MSA 3.560(107)(g). *Kirkeby v Dep't of Corrections,* 141 Mich App 148; 366 NW2d 28 (1985). I would affirm based on *Kirkeby.*