MARTIN v DEPARTMENT OF CORRECTIONS

Docket No. 99056. Submitted January 12, 1988, at Lansing. Decided May 17, 1988. Leave to appeal applied for.

Morris Martin, an inmate of the State Prison of Southern Michigan, brought an action in the Ingham Circuit Court against the Department of Corrections, seeking a declaration that the department's directives for imposing penalties upon prison inmates for major misconduct violations were not properly promulgated as rules under the Administrative Procedures Act. The court granted summary judgment for the defendant, holding that prison misconduct regulations need not be so promulgated because prisoners are not members of the general public for purposes of the act. The Court of Appeals reversed, 140 Mich App 323 (1985). The Supreme Court held that the Administrative Procedures Act applied and that the policy directives were not promulgated as rules under the act. On remand, the circuit court, Robert Holmes Bell, J., granted summary judgment for defendant, holding that the Supreme Court's ruling should only be given limited retroactive effect. Plaintiff appealed.

The Court of Appeals *held:*

The rule that the Department of Corrections is not exempt from the rulemaking requirements of the Administrative Procedures Act in promulgating disciplinary directives for imposing penalties upon prison inmates for major misconduct violations should be applied retroactively from March 28, 1986, only to misconduct charges which had not been finally adjudicated.

Affirmed.

1. APPEAL — RETROACTIVITY.

Generally, full retroactivity is the rule and prospectivity is the exception for application of decisions of appellate courts; retroactivity may be limited, however, when a balancing of three

REFERENCES

Am Jur 2d, Administrative Law §§ 92 *et seq.*

Am Jur 2d, Penal and Correctional Institutions §§ 129 *et seq.*

Comment Note.—Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

factors so dictates: (1) the purpose of the new rule; (2) the general reliance upon the old rule; and (3) the effect of retroactive application of the new rule on the administration of justice.

2. PRISONS AND PRISONERS — ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DEPARTMENT OF CORRECTIONS — DISCIPLINARY RULES — RETROACTIVITY.

The rule that the Department of Corrections is not exempt from the rulemaking requirements of the Administrative Procedures Act in promulgating disciplinary directives for imposing penalties upon prison inmates for major misconduct violations should be applied retroactively from March 22, 1986, only to misconduct charges which had not been finally adjudicated.

Morris Martin, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edgar L. Church, Jr.,* Assistant Attorney General, for defendant.

Before: SHEPHERD, P.J., and WAHLS and G. B. FORD,* JJ.

PER CURIAM. Plaintiff appeals, arguing that the trial court erred by giving the rule in *Martin v Dep't of Corrections,* 424 Mich 553, 564-565; 384 NW2d 392 (1986), only limited retroactive effect. We affirm.

On October 18, 1982, plaintiff, Morris Martin, an inmate at the State Prison of Southern Michigan in Jackson, filed a complaint for declaratory judgment regarding the validity of a policy directive of the Department of Corrections. Plaintiff apparently had been disciplined for "substance abuse," an offense defined in Policy Directive 60.01 by defendant, the Department of Corrections, as a major misconduct. Plaintiff argued that he was entitled to have past violation of that policy direc-

_____

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

tive expunged from his files because defendant had never promulgated the directive as a rule pursuant to the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* Ingham Circuit Judge Robert Holmes Bell, on April 12, 1983, granted defendant's motion for summary judgment, holding that prison misconduct regulations need not be promulgated as rules under the APA because prisoners are not members of the "public" and that hence such regulations fall within the exception to the APA procedural requirements applicable to intra-agency directives which do *not* affect the rights of the public. MCL 24.207(g); MSA 3.560(107)(g). This Court reversed, *Martin v Dep't of Corrections,* 140 Mich App 323; 364 NW2d 322 (1985), and four justices of the Supreme Court affirmed, *Martin v Dep't of Corrections, supra,* holding that since the Legislature intended to treat prison inmates as members of the public for purposes of the APA, the department's policy directives regarding such inmates do not fall within the relevant exception and hence must be promulgated as rules pursuant to the procedures set forth in the APA.

Subsequently, the case was returned to the trial court, where defendant moved for summary disposition. Judge Bell ruled, in pertinent part, in defendant's favor, concluding that the Supreme Court's holding should be given only limited retroactive effect, i.e., should be applied only to those cases pending in an administrative or judicial forum on March 28, 1986—the date of the Supreme Court's opinion—and thus could not be used to collaterally attack "[a]djudications which have become final through lapse or exhaustion on appeal." In this case, plaintiff's original major misconduct charge had already ripened into a final adjudication and thus was found—under the lim-

ited retroactivity rule—to be insulated from distur-
bance.

In reaching its conclusion that the Supreme
Court's holding should be given only limited retro-
active effect, and not the full retroactive applica-
tion requested by plaintiff, Judge Bell rendered a
well-written and well-reasoned opinion, which we
now quote at length and adopt as our own.

Plaintiff seeks additional relief; namely an order
directing the Department [of Corrections] to ex-
punge from his prison files any and all record of
past major misconduct violations premised upon
the invalid disciplinary policy. Thus, the retroac-
tivity of the [Supreme] Court's ruling is placed at
issue.

The Court's present ruling is an inevitable func-
tion of the Supreme Court's March 28, 1986 ruling.
Although the Supreme Court merely reversed this
Court's earlier award of summary disposition, by
ruling that prisoners are members of the public, it
resolved the only substantive issue raised by plain-
tiff's claim for declaratory judgment. Until then,
the question was a matter of dispute even among
different panels of the Court of Appeals. Cf.
*Thompson v Department of Corrections,* 143 Mich
App 29; 371 NW2d 472 (1985), *Kirkeby v Depart-
ment of Corrections,* 141 Mich App 148; 366 NW2d
28 (1985), *Martin v Department of Corrections,* 140
Mich App 323; 364 NW2d 322 (1985). The Supreme
Court's decision is not a final adjudication of the
disciplinary policy's validity. Yet, by defining "the
public" as including prisoners, the Supreme Court
denied the Department its only legitimate justifica-
tion for non-promulgation. The Supreme Court's
ruling thus sounded the death knell of PD-DWA-
60.01.[1] For this reason, the retroactivity of this
Court's present decision is inextricably bound to
the Supreme Court's March 28, 1986 ruling.

As a general rule, decisions of Michigan appel-
late courts are to be given full retroactivity unless
limited retroactivity is justified. *Moorhouse v Am-*

*bassador Ins Co, Inc,* 147 Mich App 412, 420-421; 383 NW2d 219 (1985). Limited retroactivity is justified only where the decision establishes a new principle of law by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed. *People v Phillips,* 416 Mich 63, 68; 330 NW2d 366 (1982). The following considerations are pertinent to the determination whether a new rule of law should be given full retroactivity, limited retroactivity, or prospectivity only: (1) the purpose of the new rule, (2) the general reliance upon the old rule, and (3) the effect of full retroactive application of the new rule on the administration of justice. *Faigenbaum v Oakland Medical Center,* 143 Mich 303, 312-313; 373 NW2d 161 (1985), [aff'd in part, rev'd in part sub nom *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986)].

The Supreme Court's *Martin* decision does not overrule clear past precedent, but it does resolve an issue in a way not clearly foreshadowed. Prior to the Supreme Court's decision on March 28, 1986, the Department had applied PD-DWA-60.01 to tens of thousands of prisoner misconduct charges since September, 1981, believing in good faith that the policy was valid and enforceable. In 1985, the Court of Appeals issued conflicting opinions as to whether prisoners are members of the public. Two of the six justices who participated in the Supreme Court's *Martin* decision, dissented, concluding that for purposes of the APA, prisoners should not be considered members of the public. Thus, insofar as it was not clearly foreshadowed, the Supreme Court's decision did establish a new rule of law. Limited retroactivity may be appropriate.

In determining whether justice would be served by limited retroactivity, the Court considers the three *Faigenbaum* factors. First, the Court considers the purpose behind the Supreme Court's holding that prisoners are members of the public. The inevitable consequence of the decision is the requirement that the Department promulgate its

prisoner disciplinary policy as a "rule." The significance of this requirement resides mainly in the procedural safeguards and extent of public participation which attend a policy's formal adoption. The prisoner disciplinary policy had apparently been adopted as a "guideline." *Martin, supra,* 424 Mich 558, [n] 3. Thus, although it is clearly improper to adopt a guideline in lieu of a rule (APA, § 26), the adoption of PD-DWA-60.01 was attended by many of the same safeguards as rule-processing would have required. (See APA, § 24.) In view of this fact, and in view of the limited value of public participation in the formulation of rules designed to manage prisoner behavior, it appears the purpose of the Supreme Court's ruling would not be significantly frustrated by giving it limited retroactivity. (Cf. Justice CAVANAUGH's dissenting opinion. *Martin, supra,* 424 Mich 565-567.)

The second factor the Court considers is the extent to which the old rule was relied upon. Before the Supreme Court's ruling on March 28, 1986, there was no "old rule." It had been definitively determined whether prisoners are members of the public under APA § 7(g). However, the Department had proceeded, not without some justification, under the assumption that prisoners are not members of the public and that its prisoner disciplinary guideline could be enforced without having been promulgated as a rule. Between September, 1981 and April, 1986, the Department enforced PD-DWA-60.01 as a primary means of controlling prisoner behavior in all of its correctional facilities and programs. During that period, it appears the Department enforced PD-DWA-60.01 in over 30,000 major misconduct proceedings annually. Adjudications of guilt have been used by the Department as a basis . . . . (1) [for] forfeiting prisoners' disciplinary and good time credits, (2) for security classifications, and (3) for determining eligibility for parole. The Department has relied very heavily on PD-DWA-60.01 in its management of state correctional facilities. To now undermine this reliance by giving retroactivity to this ruling would not serve the interests of justice.

Lastly, the Court considers the effect of full retroactive application of the new rule on the administration of justice. In view of the Department's great reliance upon PD-DWA-60.01, it is obvious that holding it invalid *ab initio,* thereby rendering all ensuing disciplinary adjudications void, would have devastating consequences for the rule of order within state prisons. This result must be avoided.

For the reasons outlined above, the Court's present ruling, a function of the Supreme Court's March 28, 1986 decision, is to be given limited retroactive effect. The Court's holding that PD-DWA-60.01 is unenforceable may be used to challenge only those misconduct charges under PD-DWA-60.01 which have not ripened into final adjudications. The issue may be raised only with respect to "pending" charges, whether pending at the predispositional, rehearing, judicial review or appellate level. Adjudications which may become final through lapse or exhaustion of appeal rights may not be disturbed by collateral attack . . . .

Accordingly, plaintiff's request for expungement of past misconduct violations which have already ripened into final adjudications is denied.

---

[1] "The Department fully appreciated this, as evidenced by its April 3, 1986 promulgation, under the APA emergency rules provision (§ 48), of an amendment to R 791.5501. The new amended version of the prisoner misconduct rule embodies in promulgated form much of PD-DWA-60.01."

---

See also *Collins v Dep't of Corrections,* 167 Mich App 263; 421 NW2d 657 (1988).

Affirmed. No costs, a public issue being involved.