**Herbert O. JENSEN, Petitioner and Appellant,**

v.

**Elaine LITTLE, Respondent and Appellee.**

**Civ. No. 900092.**

Supreme Court of North Dakota.

July 31, 1990.

---

1. Our holding makes it unnecessary to consider Zueger's other arguments.

Herbert O. Jensen, Bismarck, pro se.

Edwin F. Zuern, Asst. Atty. Gen., Bismarck, for respondent and appellee.

VANDE WALLE, Justice.

Herbert O. Jensen appealed an order of the district court which dismissed his appeal from a North Dakota State Penitentiary disciplinary proceeding. Jensen argues that the Penitentiary's revised drug-testing program and penalties were enacted in violation of the procedures of the Administrative Agencies Practice Act, NDCC ch. 28–32. We affirm.

Herbert Jensen is an inmate at the State Penitentiary. In 1988, the Penitentiary Inmate Handbook, which contains policies and procedures of the State Penitentiary, was adopted by Bob Coad, Acting Warden, and approved by Elaine Little, Director of Corrections and Chief Operations Officer for the Director of Institutions. *See* NDCC § 12–47–12.

In an attempt to control the use of illegal drugs and other intoxicants, Warden Thomas Powers developed revised policies in June of 1989 which would increase the penalties that could be imposed by the Penitentiary's disciplinary committee for violation of rules prohibiting use of illegal drugs. While oral approval of the revised policy had been given by Director Little to Warden Powers immediately after its formulation, the Director of Institutions' approval stamp containing Little's signature was not formally placed on the policy until December of 1989. The policy increasing drug-use penalties was, however, actually posted in several areas of the Penitentiary in June of 1989, thereby giving notice to the inmates of the new penalty provisions.

Three months after the increased penalties had been posted, Jensen was randomly selected as part of the Penitentiary's drug-testing program. He declined to give a urine sample for the drug test. Jensen eventually appeared before a two-member disciplinary committee which found him

guilty of refusing to submit to the drug-testing procedures. The committee gave Jensen the required penalty under the revised policy for his failure to submit to the drug test. Jensen's appeal of the disciplinary committee's action was denied by both Warden Powers and Director Little.

Jensen subsequently filed an appeal in the district court pursuant to the provisions of the Administrative Agencies Practice Act, NDCC ch. 28-32. Jensen contended that the Penitentiary's testing procedures and penalties were formulated in violation of the provisions of the Act. Director Little filed a motion to dismiss Jensen's appeal on the grounds that the district court lacked jurisdiction over the Department of Corrections and Director of Institutions under the Act. The district court granted the motion and Jensen appealed.

■■■ The Department of Corrections and Rehabilitation was created in the office of the Director of Institutions. NDCC § 54-23.3-01. The Director of Institutions is excluded from the definition of an "administrative agency" and, therefore, is not subject to the provisions of the Administrative Agencies Practice Act. NDCC § 28-32-01(1)(m). Furthermore, "[a] rule concerning only inmates of a correctional or detention facility" is not a rule subject to procedures of the Act.[1] NDCC § 28-32-01(6)(f). Accordingly, we believe the Penitentiary's disciplinary rules promulgated under the Director of Institutions are exempt from the procedures of the Administrative Agencies Practice Act. See, e.g., Varnson v. Satran, 368 N.W.2d 533, 537 n. 2 (N.D.1985) [under NDCC

§ 28-32-01(1)(m), the Penitentiary Adjustment Committee is not governed by the provisions of the Administrative Agencies Practice Act]. Cf. Kirkeby v. Dept. of Corrections, 141 Mich.App. 148, 366 N.W.2d 28 (1985) [prison disciplinary directives which do not affect members of the general public are not subject to the Administrative Procedures Act]. The district court did not err in dismissing Jensen's appeal for lack of jurisdiction.

■■■ Apparently recognizing the possible jurisdictional problem, Jensen, in his appellate brief, requested this Court to exercise its powers of "original jurisdiction" and to decide his policy-formulation issue on its merits by holding that the Warden's revised policy was formally approved by Director Little after his testing and, hence, was void as to his disciplinary proceeding. Jensen's request does not meet the criteria established by this Court to exercise original jurisdiction [see State ex rel. Link v. Olson, 286 N.W.2d 262 (N.D.1979)], nor do we consider the request to be in the nature of an application for a writ of habeas corpus [compare Jensen v. State, 373 N.W.2d 894 (N.D.1985)]. Nevertheless, if we were to exercise original jurisdiction, we believe Jensen's contentions would be without merit because the evidence demonstrates that, pursuant to NDCC § 12-47-12, Warden Powers's revised policy was orally approved by Director Little at the time of its promulgation and implementation, and that Jensen received sufficient notice of its contents when it was posted in various places in the Penitentiary.[2]

---

1. Jensen claims that the Department of Corrections' disciplinary rules for the State Penitentiary are subject to the Administrative Agencies Practice Act, NDCC ch. 28-32, on the grounds of NDCC § 12-44.1-24(1), which provides:

 "*Jail standards—Inspections.* The department of corrections shall

 "1. Prescribe rules and regulations pursuant to chapter 28-32 establishing minimum standards for the construction, operation, and maintenance of public or private juvenile detention centers, county and city jails, and regional corrections centers."

 However, the State Penitentiary does not fall within the statutory definition of a "county jail," "city jail," "juvenile detention center," or "re-

gional corrections center." *See* NDCC § 12-44.1-01.

2. In *State v. Jensen,* 373 N.W.2d 902 (N.D.1985), Jensen asserted that a similar 1984 directive from the Warden increasing penalties for drug offenses was not properly approved by the Director of Institutions as required by NDCC § 12-47-12. The Director of Institutions had also orally approved of the directive before its implementation. While § 12-47-12 requires Director "approval" of regulations established by the Warden, it does not specifically require that the Director's approval be in writing, nor does it preclude oral approval. But, in *Jensen, supra,* we admonished the Director of Institutions to adopt more formal procedures to ensure com-

The order dismissing Jensen's appeal is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

pliance with § 12–47–12. We, again, exhort the Director and Warden to adopt, and adhere to, more formal approval procedures so as to increase confidence of the inmate population in

the validity of the rules promulgated under § 12–47–12, and thus diminish future challenges to these rules.