GUY v BRANDON TOWNSHIP

Docket No. 99185. Submitted June 15, 1988, at Detroit. Decided
December 28, 1989. Leave to appeal applied for.

Plaintiffs, James L. Guy and James L. Mann, owners of a parcel
of land in Brandon Township, brought an action in the Oak-
land Circuit Court against the township seeking an order
invalidating the township's 2½-acre minimum lot requirement,
which effectively precluded them from going ahead with plans
to develop their land into a mobile home park, subdivided into
half-acre lots. The trial court, Hilda R. Gage, J., found that the
2½-acre minimum lot requirement effectively precluded use of
plaintiffs' land for any purpose to which it was reasonably
adapted, thereby substantially destroying the value of the
property. After ruling that the challenged ordinance was un-
constitutional, the trial court, adhering to the remedial proce-
dures set forth in *Ed Zaagman, Inc v Kentwood,* 406 Mich 137
(1979), remanded the matter to the township zoning authority
for adoption of an amended ordinance. While the remand was
pending, the case of *Schwartz v Flint,* 426 Mich 295 (1986), was
decided, thereby overruling the remedial procedures previously
required by the *Zaagman* decision. The trial court then ruled
that it correctly applied the *Zaagman* procedure and, in the
alternative, that even if it were assumed that *Schwartz* were
deemed controlling, this change in the law would not alter the
disposition of the case. The court ruled that a further eviden-
tiary hearing was not necessary in this case and that, because
plaintiffs' proposed use would have resulted in an excessive
level of mobile homes in the township, plaintiffs' proposed use
was unreasonable. A final judgment ordering implementation
of the rezoned requirement of one-acre minimum area per lot
as an appropriate midsatisfactory use was then entered. The
trial court also ruled that plaintiffs were not entitled to dam-

REFERENCES

Am Jur 2d, Appeal and Error § 901; Zoning and Planning §§ 15, 25,
27, 34, 35, 255, 272, 278, 279.

Comment Note: Exclusionary zoning. 48 ALR3d 1210.

Validity of zoning regulations prescribing minimum area for house
lots or requiring area proportionate to number of families to be
housed. 95 ALR2d 716.

ages as a matter of law for a temporary taking effected by unconstitutionally confiscatory zoning. Plaintiffs appealed and the township cross-appealed.

The Court of Appeals *held:*

1. Plaintiffs met their burden of proving that the zoning effected a confiscation of their property. Defendant's claim of self-created hardship has minimal support in the record. The trial court's ruling that the 2½-acre zoning requirement was unconstitutional is affirmed.

2. *Schwartz* is not applicable on a prospective basis only.

3. The trial court properly found that the proposed use of the property as half-acre lots was unreasonable.

4. The trial court's judgment is vacated to the extent that it adhered to *Zaagman* by ordering implementation of the rezoned requirement of one-acre minimum area per lot as an appropriate midsatisfactory use. The rezoned one-acre midsatisfactory use is invalidated as unauthorized by the remedy approved in *Schwartz.*

5. The facts do not indicate that defendant has acted to exclude or achieve an effective exclusion of mobile homes. The dictates of MCL 125.297a; MSA 5.2963(27a) and due process have been satisfied in this case.

6. There is merit to plaintiffs' contention of an entitlement to money damages as a remedy for the temporary taking effected by unconstitutionally confiscatory zoning. The matter is reversed and remanded for proceedings appropriate to a determination of damages.

Affirmed in part, reversed in part, and remanded.

1. ZONING — CONFISCATION OF PROPERTY — DESTRUCTION OF VALUE — BURDEN OF PROOF.

A plaintiff in an action who alleges that a zoning ordinance effected a confiscation of his property meets his burden of proof of an unconstitutional taking where the trial court finds that the restrictions the ordinance imposes on the use of the property preclude its use for any purpose to which it is reasonably adapted, thereby substantially destroying the value of the property.

2. ZONING — REMEDIES — REASONABLE USE OF LAND.

A trial court, once it has declared a zoning ordinance invalid, must decide whether the plaintiff land user has met the burden of proving by a preponderance of the evidence that his proposed use is reasonable; if so, then the zoning authority is free to rezone so long as the end result is consistent with the court's

ruling of the unconstitutionality of the previous ordinance and the plaintiff remains unimpeded in the enjoyment of his proposed use; if not, the zoning authority is free to rezone, constrained only by the court's ruling of unconstitutionality.

3. APPEAL — RETROACTIVITY.

Decisions of an appellate court generally are to be given full retroactive effect unless limited retroactivity is preferred where justified by the purpose of the new rule, the general reliance on the old rule, and the effect of full retroactive application of the new rule on the administration of justice; limited retroactivity is justified where the decision establishes a new principle of law by overruling clear past precedent.

4. ZONING — TOWNSHIPS — TOTAL PROHIBITION OF USE.

A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a township in the presence of a demonstrated need for that land use within either the township or surrounding area within the state, unless there is no location within the township where the use may be appropriately located, or the use is unlawful; a use is not totally prohibited where it otherwise occurs within the township boundaries or within close geographical proximity (MCL 125.297a; MSA 5.2963[27a]).

5. ZONING — ORDINANCES — REASONABLENESS — BURDEN OF PROOF.

A zoning ordinance is presumed valid, with the burden on the party attacking it to show it to be an arbitrary and unreasonable restriction upon the owner's use of his property.

6. ZONING — TEMPORARY TAKING — DAMAGES.

A plaintiff landowner may be determined to be entitled to money damages as a remedy for a temporary taking effected by unconstitutionally confiscatory zoning.

*Beier, Howlett, Ternan, Jones, Shea & Hafeli, P.C.* (by *Lawrence R. Ternan*), for plaintiffs.

*Campbell, Keenan & Harry* (by *Richard A. Campbell*), for defendant.

Before: SHEPHERD, P.J., and HOLBROOK, JR. and M. D. SCHWARTZ,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. After conducting a bench trial and a posttrial hearing pursuant to *Ed Zaagman, Inc v Kentwood,* 406 Mich 137; 277 NW2d 475 (1979), the trial court entered a judgment invalidating defendant township's zoning ordinance requiring a minimum area for each lot of 2½ acres and approving the township's rezoning of plaintiffs' land to single-family residential status with a one-acre minimum lot requirement. We affirm in part, but vacate the rezoned midsatisfactory use and reverse the trial court's ruling that plaintiffs were not entitled to damages as a matter of law for a temporary taking.

I

Because plaintiffs' appeal is primarily concerned with questions of remedy, we deem it expedient to initially address defendant's cross appeal challenging the trial court's antecedent conclusion that the 2½-acre zoning requirement was unconstitutional. Plaintiffs' claim sought invalidation of the 2½-acre minimum lot requirement, which effectively precluded them from going ahead with plans to develop their land into a mobile home park subdivided into half-acre lots. According to the trial court's findings, plaintiff did prove that the 2½-acre requirement, combined with the condition of the land and the development of the surrounding land, deprived the land of any substantial value. Plaintiffs' proofs demonstrated that residential development would be economically feasible only if the density requirement of 2½ acres per lot were reduced.

Because this appeal is taken from the trial court's ruling on a constitutional challenge to a zoning ordinance, our review is de novo. Nevertheless, we accord considerable deference to the find-

ings of the trial judge, and those findings will not be disturbed unless we would have reached a different result had we occupied the trial judge's position. *Howard Twp Bd of Trustees v Waldo,* 168 Mich App 565, 568-569; 425 NW2d 180 (1988). The determination whether an unconstitutional taking has occurred involves essentially an ad hoc factual analysis. *Cryderman v Birmingham,* 171 Mich App 15, 27; 429 NW2d 625 (1988).

"[O]ne who purchases with knowledge of zoning restrictions may nonetheless be heard to challenge the restriction's constitutionality. An otherwise unconstitutional ordinance . . . does not lose this character and immunize itself from attack simply by the transfer of property from one owner to another." *Kropf v Sterling Heights,* 391 Mich 139, 152; 215 NW2d 179 (1974); *Johnson v Robinson Twp,* 420 Mich 115, 125; 359 NW2d 526 (1984).

In the case at bar, the trial court found that the 2½-acre minimum lot requirement effectively precluded use of plaintiffs' land for any purpose to which it was reasonably adapted, thereby substantially destroying the value of the property. This amounts to an unconstitutional taking. See *Troy Campus v Troy,* 132 Mich App 441, 450-451; 349 NW2d 177 (1984). Based on our review of the evidence at trial, we are unable to find fault with this finding and conclude that plaintiffs did meet their burden of proving that the zoning effected a confiscation of their property. We are not convinced that plaintiffs' land is capable of being reasonably adapted for agriculture or for any other use permitted by the challenged zoning. See *Gackler Land Co, Inc v Yankee Springs Twp,* 427 Mich 562, 572-573; 398 NW2d 393 (1986). In their limited use of the land for various tasks incidental to development of adjacent property, including gravel extraction and storage of equipment, plain-

tiffs realized only an insubstantial, transitory value. This is not enough to preclude a confiscation claim.

Defendant's contention in avoidance of a finding of confiscation is that the trial court, in ruling that the zoning requirement effected confiscation without just compensation, ignored evidence that the unsuitable nature of plaintiffs' land for agricultural use permissible under the zoning ordinance was caused by unilateral acts of plaintiffs and their predecessors in interest. Defendant argues that plaintiffs' inability to make any valuable use of their land is therefore self-created, which should preclude them from seeking rezoning for high-density residential development.

The evidence indicates that plaintiffs, since their acquisition of the land in 1977 and their subsequent development of adjacent property as a mobile home park, removed some gravel pursuant to a consent order with the township, moved modest amounts of topsoil, and made other alterations to the topography. However, there is no indication that any acts attributable to plaintiffs resulted in the wholesale removal of topsoil or otherwise rendered the land unfit for farming. It is not clear whether the land was ever a viable site for agriculture in its natural state. Plaintiffs testified that they heard that the county used the land for gravel mining some thirty to fifty years ago, which may account for the lack of topsoil.

The self-created-hardship rule advanced by defendant was applied in *Johnson, supra,* where the plaintiffs sought a variance from a zoning ordinance requiring each lot to have a ninety-nine-foot minimum width. Although originally the plaintiffs' parcel was part of a larger parcel conforming to the ninety-nine-foot requirement, a former owner, who was also the grandfather of one plaintiff,

executed conveyances that effectively partitioned the parcel into two nonconforming parcels. After its principal holding that the Zoning Board of Appeals did not abuse its discretion by denying a variance, the Supreme Court summarily rejected a claim of unconstitutional prohibition of the plaintiffs' desired use: "Since, prior to the split, this land was being properly used in conformance with the zoning ordinance, we can see no sense in which the township can be said to have unconstitutionally deprived the plaintiffs of their property rights." *Id.,* p 126. See also *Bierman v Taymouth Twp,* 147 Mich App 499, 507; 383 NW2d 235 (1985), lv den 425 Mich 869 (1986) ("A properly adopted zoning ordinance does not become an arbitrary and unreasonable restriction upon an owner's use of his or her land simply because they or their predecessors in title have voluntarily disrupted the natural condition of the land so as to make it useless in its resulting state").

The claim of self-created hardship in this case finds minimal support in the record. There is no indication that the minor alterations made since plaintiffs acquired title diminished the suitability of the land for agricultural use. Plaintiffs' own testimony concerning gravel mining operations some thirty to fifty years ago by the county was unsubstantiated and devoid of any specific detail. In view of the sparse factual record, we are not persuaded that the conduct of a remote predecessor in title permitting gravel mining should be attributed to plaintiffs as a self-imposed hardship, particularly since it is unclear that the land was ever suitable for agricultural purposes in its natural state. Evidence of a self-created hardship was far from convincing, and we are compelled by a de novo review of the entirety of the evidence to reach the same conclusion as the trial court. We

affirm the trial court's ruling that the 2½ acre zoning requirement was unconstitutional.

II

After ruling that the challenged ordinance was unconstitutional, the trial court, adhering to the remedial procedures set forth in *Zaagman, supra,* remanded the matter to the township zoning authority for adoption of an amended ordinance. While the remand was pending, the Supreme Court decided *Schwartz v Flint,* 426 Mich 295; 395 NW2d 678 (1986), thereby overruling the remedial procedures previously required by the *Zaagman* decision. The trial court then ruled that it correctly applied the *Zaagman* procedure and, in the alternative, that even if it were assumed that *Schwartz* were deemed controlling, this change in the law would not alter the disposition of the instant case. Final judgment was entered ordering implementation of the rezoned requirement of one-acre minimum area per lot as an appropriate midsatisfactory use.

Prior to *Schwartz,* the *Zaagman* procedure required that, upon invalidation of a zoning ordinance, the case be remanded to the appropriate zoning authority for adoption of an amended ordinance embodying a midsatisfactory use, i.e., a zoning regulation of land use "comporting with the dictates of equity as well as the requirements of constitutional reasonableness as applied to an aggrieved landowner's parcel." *Zaagman, supra,* p 180. As applied to this case, the procedure further required that the circuit court resolve postremand disputes over whether the midsatisfactory use embodied in the amended ordinance should be implemented. In *Schwartz,* the Court abruptly disavowed *Zaagman,* citing the need to free the zoning process from judicial intrusion and the practi-

cal unworkability of the *Zaagman* procedure. In its place, the Court instituted the "specific reasonable use" rule of relief from unconstitutional zoning. *Schwartz, supra,* p 327. Pursuant to that rule, the trial court, once it has declared a zoning ordinance invalid, must decide whether the plaintiff land user has met the burden of proving by a preponderance of the evidence that his proposed use is reasonable. If so, then the zoning authority is free to rezone so long as the end result is consistent with the court's ruling of the unconstitutionality of the previous ordinance and the plaintiff remains unimpeded in the enjoyment of his proposed use. If not, then the authority is still free to rezone, but constrained only by the court's ruling of unconstitutionality. This holding amounts to a clear break in the law. Plaintiffs argue that it should be applied retroactively to this case.

Generally, decisions of an appellate court are to be given full retroactive effect unless limited retroactivity is preferred where justified by (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect of full retroactive application of the new rule on the administration of justice. *Hofmann v Auto Club Ins Ass'n,* 162 Mich App 424, 428; 413 NW2d 455 (1987), lv den 430 Mich 852 (1988). Limited retroactivity is justified when the decision establishes a new principle of law by overruling clear past precedent. *Martin v Dep't of Corrections,* 168 Mich App 647, 651; 425 NW2d 205 (1988). The rule of limited retroactivity would result in an application of *Schwartz* to this case, which was pending at the time of the decision in *Schwartz.* Because the change in the law thereby effected is limited to remedial aspects of judicially invalidated zoning, those parties relying on the pre-*Schwartz* state of the law have not been unduly prejudiced, and we reject any contention

that *Schwartz* is applicable on a prospective basis only.[1]

Realizing the implications of the *Schwartz* decision for this case, the trial court ruled that a further evidentiary hearing was not necessary. Because plaintiffs had fully detailed their proposed mobile home park at trial, providing considerable evidence of their plans, we agree that an appropriate record for the type of decision making envisioned by *Schwartz* was already before the court and that further evidentiary hearings would be redundant and unhelpful. Because the proposed use would have resulted in an excessive level of mobile homes in the township, upsetting defendant's desired versatility in the mix of residential dwellings, the court found that use, as outlined by plaintiffs, unreasonable. We discern no justification for disturbing those findings.

To the extent that the trial court adhered to *Zaagman* by ordering implementation of the rezoned requirement of one-acre minimum area per lot as an appropriate midsatisfactory use, we vacate that provision of the final judgment. Relief in this form violated the doctrine of separation of powers, as expounded in *Schwartz*. This result is dictated by our conclusion that *Schwartz* should be controlling in this case with respect to matters of remedy. In view of our conclusion that the trial court did not otherwise err in adhering to the *Schwartz* procedures, we need not address those contentions asserting irregularities in adhering to the remedial procedures imposed by *Zaagman*.[2]

[1] We need not decide whether the remedial procedures in *Schwartz* should be accorded a fully retroactive effect.

[2] To summarize three of our holdings, we (1) affirm the trial court's invalidation of the 2½-acre minimum area requirement as an unconstitutional confiscation, (2) affirm the trial court's finding that plaintiffs' proposed use as half-acre lots is unreasonable, and (3) invalidate the rezoned one-acre midsatisfactory use as unauthorized by the

### III

Plaintiffs argue that the trial court should have fashioned a remedy that would enjoin defendant from interfering with development of a mobile home park comprised of half-acre lots. Plaintiffs further argue that the trial court's withholding of this remedy was premised on its erroneous finding that the zoning scheme did not operate as a total exclusion of mobile homes.

The court found that defendant township already contained 917 mobile home sites accounting for approximately twenty percent of residential housing within the township. This, in the court's view, refuted any argument that the zoning scheme effectively served as a "total prohibition" of mobile home development, notwithstanding that all present sites within the township were occupied. The court believed that acceptance of plaintiffs' argument would transmogrify the judiciary into a "superzoning board." We agree.

Plaintiffs base their argument primarily on MCL 125.297a; MSA 5.2963(27a):

> A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a township in the presence of a demonstrated need for that land use within either the township or surrounding area within the state, unless there is no location within the township where the use may be appropriately located, or the use is unlawful.

The total-prohibition requirement of this statute is not satisfied if the use sought by the landowner

remedy approved in *Schwartz*. The end result of these holdings is that plaintiffs' land is unzoned, but defendant remains free to rezone within the constitutional limits recognized by our decision. We regret the state of uncertainty left by our decision, but we are precluded from adopting any other remedial alternative by the *Schwartz* decision.

otherwise occurs within township boundaries or within close geographical proximity. See *Fremont Twp v Greenfield,* 132 Mich App 199, 203-205; 347 NW2d 204 (1984); *Lerner v Bloomfield Twp,* 106 Mich App 809, 814; 308 NW2d 701 (1981), lv den 414 Mich 871 (1982).

The total-prohibition concept also finds support in constitutional principles.[3] In *Kirk v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976), the landowning plaintiffs claimed that the zoning of their land as agricultural-residential operated as an impermissible exclusion of their proposed mobile home park. The Court set forth the governing standard:

> Therefore, unless the Legislature speaks otherwise, the appropriate standard by which the validity of a zoning ordinance may be challenged is that, to overcome the presumption of validity with which a zoning ordinance, as all legislation, is clothed, the party attacking the ordinance bears the burden of proving that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his or her property. [*Id.,* p 441.]

This rule finds its constitutional basis in substantive due process. See *Hecht v Niles Twp,* 173 Mich App 453; 434 NW2d 156 (1988). Because, under the facts and circumstances presented, other land was available for development as a mobile home park, the *Kirk* Court held that the plaintiffs had failed to demonstrate that the defendant township was excluding mobile home development. See also *June v Lincoln Park,* 361 Mich 95; 104 NW2d 792 (1960).

---

[3] Plaintiffs also cite to the now-defunct provisions of the Mobile Home Commission Act. See 1976 PA 419, 1981 PA 168, 1987 PA 96. Because these provisions do not appear to afford mobile home development protections any more extensive than those already existing by virtue of constitutional doctrines, we do not address them.

In the instant case, we agree with the trial court that the presence of substantial mobile home development within defendant township belies the contention that defendant has an unwritten policy of exclusion. Unlike in *Dequindre Development Co v Warren Charter Twp,* 359 Mich 634; 103 NW2d 600 (1960), in which the Court granted relief to the would-be developer of a trailer coach park despite the existence of an adjacent trailer park, the instant case does not present a scenario where a township proceeded to deprive the plaintiffs of any valuable use at all by withholding rezoning, thereby assuring that the vacant land would serve as a buffer protecting residential areas from an industrial area and the preexisting trailer park. The court in this case specifically found that "[t]he evidence does not support a conclusion that the parcel at issue is unsuitable for residential use other than mobile homes."

Moreover, unlike the zoning ordinance invalidated in *Dequindre,* the ordinance presently challenged does nothing more than require that each residence, viewed without regard to the nature of the structure, be situated on a lot of at least 2½ acres. Although plaintiffs contend that this requirement amounts to an exclusion, any exclusionary nature is not facially apparent. In *Gackler Land Co, supra,* p 570, this Court upheld zoning regulations designed to assure favorable comparison of mobile homes with site-built housing, indicating that such measures were a "reasonable exercise of police power for the protection of the safety, health, morals, prosperity, comfort, convenience, and welfare of the public." Although *Gackler,* unlike this case, was concerned with regulation of the physical appearance of mobile homes, its underlying principle permitting regulation of mobile homes in a manner not materially different

from more conventional residential structures is, applicable by analogy. Defendant township, by regulating density of residential sites, achieved substantially the same permissible ends. Although our invalidation of the rezoned one-acre requirement pursuant to *Schwartz* leaves the ultimate zoning density undetermined, it is clear from our decision that defendant will, at a minimum, be constitutionally precluded in the future from imposing any acreage requirement of 2½ acres or more. Under this state of affairs, we are unpersuaded that defendant has acted to exclude or achieved an effective exclusion of mobile homes. Accordingly, we conclude that the dictates of MCL 125.297a; MSA 5.2963(27a) and due process are satisfied.

IV

Plaintiffs assert an entitlement to money damages as a remedy for the temporary taking effected by unconstitutionally confiscatory zoning, as confirmed by the judicial ruling which we affirmed in Part I of this opinion. We are persuaded of the merit of this contention by the recent holdings in *Poirier v Grand Blanc Twp,* 167 Mich App 770; 423 NW2d 351 (1988), lv den 431 Mich 913 (1988), and *First English Evangelical Lutheran Church of Glendale v Co of Los Angeles,* 482 US 304; 107 S Ct 2378; 96 L Ed 2d 250 (1987). Accordingly, we remand for proceedings appropriate to a determination of damages.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.