CONLIN v SCIO TOWNSHIP

Docket No. 243886. Submitted April 14, 2004, at Lansing. Decided April 22, 2004. Approved for publication June 10, 2004, at 9:15 A.M.

Phillip F. Conlin and others brought an action in the Washtenaw Circuit Court against Scio Township, challenging portions of the township's zoning ordinance that set density requirements for single-family dwellings in areas zoned general agricultural as being unreasonable, arbitrary, and contrary to the Land Division Act (MCL 560.101 *et seq.*) and the Condominium Act (MCL 559.101 *et seq.*), and in violation of substantive due process, both on their face and as applied relative to the plaintiffs' proposed project. The court, Melinda Morris, J., granted summary disposition for the defendant, ruling that the action was not ripe for review because the plaintiffs did not exhaust their administrative remedies. The court also denied the plaintiffs' motion for reconsideration. The plaintiffs appealed.

The Court of Appeals *held*:

1. The finality requirement is concerned with whether the initial decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury. Where the possibility exists that a municipality may have granted a variance, or some other form of relief, from the challenged provisions of the ordinance, the extent of the alleged injury is unascertainable unless these alternative forms of potential relief are pursued to a final conclusion. In this case, the trial court properly ruled that the plaintiffs' "as applied" due process challenge was subject to the rule of finality, but erred in dismissing the plaintiffs' facial challenge on the basis of the rule of finality, as well as in dismissing the plaintiffs' claim that the ordinance is ultra vires. Finality is not required for facial challenges.

2. The trial court correctly determined that the plaintiffs had failed to exhaust their administrative remedies. The plaintiffs never submitted a formal site plan for preliminary or final approval, never applied for conditional land use approval or for a dimensional variance from the challenged density requirements, and never applied for rezoning to a classification that would allow developments at the density they desired. Because the plaintiffs

cited no authority in support of their claim that exhaustion of administrative remedies would have been futile and they should have been allowed to proceed with their "as applied" challenge, that claim cannot be reviewed.

3. The trial court did not abuse its discretion in denying the plaintiffs' motion for reconsideration. The plaintiffs have not shown that the trial court committed palpable prejudicial error in finding that their "as applied" challenge was not ripe for judicial review in light of an affidavit describing a preapplication conference between the parties. The plaintiffs' remaining arguments in the motion for reconsideration merely presented the same issues already decided by the trial court.

4. Although the trial court did not address the plaintiffs' claims that the zoning ordinance is facially unconstitutional and ultra vires, the Court of Appeals may consider the claims because they involve a question of law for which all the necessary facts were presented.

5. The defendant's zoning ordinance does not conflict with the Land Division Act. MCL 560.259 of the act expressly provides that the standards for approval of plats prescribed in the act are minimum standards and any municipality, by ordinance, may impose stricter requirements and may reject any plat that does not conform to such requirements. Additionally, MCL 560.105 allows approval to be conditioned on compliance with local ordinances. The plaintiffs have failed to identify any provision prohibiting a municipality from imposing density restrictions that have the effect of precluding certain subdivisions in certain districts.

6. MCL 559.241 of the Condominium Act provides in part that a condominium project shall comply with applicable local law, ordinances, and regulations and that, subject to an exception not applicable to this case, a proposed or existing condominium project shall not be prohibited nor treated differently by any law, regulation, or ordinance of any unit of local government that would apply to that project or development under a different form of ownership. The Condominium Act clearly authorizes a municipality to regulate condominiums and is not preeminent in the field. In this case, even if the ordinance has the effect of prohibiting condominiums in the general agricultural district, the plaintiffs have failed to show that it is exclusionary, i.e., that condominium use was prohibited in the entire township despite a demonstrated need and an appropriate location, or that it is in conflict with the Condominium Act.

7. The density requirements in the defendant's zoning ordinance, on their face, do not violate substantive due process. The

density requirements are rationally related to the legitimate governmental purpose of avoiding overcrowding and preserving open space.

Affirmed.

*Gregory M. Elliott, P.L.C.* (by *Gregory M. Elliott*), for the plaintiffs.

*Foster, Swift, Collins & Smith, P.C.* (by *Richard L. Hillman*), for the defendant.

Before: BANDSTRA, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. In this zoning case, plaintiffs appeal as of right from the trial court's order granting defendant's motion for summary disposition. We affirm.

This action arises from plaintiffs' desire to develop a 136-acre tract of land in defendant township for residential purposes. The land is zoned A-1, General Agricultural. Section 4.02 of the township's zoning ordinance allows single-family dwellings as a permitted use in the A-1 district, subject to certain density restrictions prescribed in § 4.02.B.1, which, according to plaintiffs, would allow one home for each 7.5 acres. Alternatively, § 5.30.B of the zoning ordinance allows Rural Open Space Developments in the A-1 district as a conditional use, also subject to certain density restrictions, prescribed in § 5.30.D, which, according to plaintiffs, would allow one home for each 5.2 acres. Plaintiffs commenced this action alleging that the township's zoning ordinances, particularly the density restrictions, were unreasonable and arbitrary, contrary to the intent of the Land Division Act, MCL 560.101 *et seq.*, and effectively result in condominiums being prohibited in the A-1 district in violation of the Condominium Act, MCL 559.101 *et seq.* Plaintiffs alleged that §§ 4.02.B.1 and

5.30.D of the township's zoning ordinance are ultra vires and a violation of substantive due process, both on their face and as applied.

The trial court granted defendant's motion for summary disposition, finding that the action was not ripe for review because plaintiffs did not exhaust their administrative remedies. Plaintiffs argue that the trial court erred in finding that their claims were not ripe for judicial review.

A trial court's grant of summary disposition is reviewed de novo to determine whether the prevailing party was entitled to judgment as a matter of law. *Allen v Keating*, 205 Mich App 560, 562; 517 NW2d 830 (1994). In reviewing a motion under MCR 2.116(C)(10), the court must examine the documentary evidence submitted by the parties and, drawing all reasonable inferences in favor of the nonmoving party, determine whether there is a genuine issue of material fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 361-362; 547 NW2d 314 (1996).

"[T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury . . . ." *Paragon Properties Co v Novi*, 452 Mich 568, 577; 550 NW2d 772 (1996), quoting *Williamson Co Regional Planning Comm v Hamilton Bank of Johnson City*, 473 US 172, 193; 105 S Ct 3108; 87 L Ed 2d 126 (1985). In other words, where the possibility exists that a municipality may have granted a variance—or some other form of relief—from the challenged provisions of the ordinance, the extent of the alleged injury is unascertainable unless these alternative forms of potential relief are pursued to a final conclusion. *Paragon Properties, supra* at 580-581.

Plaintiffs allege that the density limitations for the A-1 district violate substantive due process on their face and as applied, and that they are ultra vires and void. The trial court properly ruled that plaintiffs' "as applied" challenge was subject to the rule of finality. Whether pleaded as a violation of substantive due process, a denial of equal protection, or a taking of property without just compensation, "[a] challenge to the validity of a zoning ordinance *as applied,*' . . . is subject to the rule of finality." (Emphasis added). *Paragon Properties Co, supra* at 576. However, the trial court erred in dismissing plaintiffs' facial challenge on this basis, as well as plaintiffs' claim that the ordinance is ultra vires. "Finality is *not* required for facial challenges because such challenges attack the very existence or enactment of an ordinance." *Id.* at 577 (emphasis added); see also *Frericks v Highland Twp*, 228 Mich App 575, 595; 579 NW2d 441 (1998).

With regard to their "as applied" challenge, plaintiffs argue that the claim should not have been dismissed because they exhausted their administrative remedies. We disagree. Although plaintiffs apparently participated in an informal preapplication conference, as required of all major projects, it is undisputed that a formal site plan was never submitted for preliminary or final approval. Plaintiffs also never applied for conditional land use approval of a Rural Open Space Development, or for a dimensional variance from the challenged density requirements. Lastly, plaintiffs never applied for rezoning of their land to a classification that would allow developments at the density they desired. Thus, the trial court properly found that plaintiffs failed to exhaust their administrative remedies and, therefore, their "as applied" challenge was not ripe for judicial review.

Plaintiffs argue that they should be allowed to proceed with their "as applied" challenge because it would have been futile to exhaust their administrative remedies. Plaintiffs cite no relevant authority for this proposition.[1] A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the party's claim. *Joerger v Gordon Food Service, Inc*, 224 Mich App 167, 178; 568 NW2d 365 (1997).

Plaintiffs also argue that the trial court erred in denying their motion for reconsideration. We disagree. Even considering the preapplication conference described in plaintiff Conlin's second affidavit, plaintiffs have not shown that the trial court committed palpable prejudicial error in finding that their "as applied" challenge was not ripe for judicial review. See MCR 2.119(F)(3). Plaintiffs' remaining arguments merely presented the same issues already decided by the trial court. See MCR 2.119(F)(3). Therefore, the trial court did not abuse its discretion in denying plaintiffs' motion for reconsideration. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).

While we agree with plaintiffs that the trial court erred in dismissing their claims that the ordinance is ultra vires and facially unconstitutional on the basis of the finality requirement, we take judicial notice of the fact that the township adopted an entirely new zoning ordinance in 2003. See MRE 202(a). Because the old ordinance has been repealed, plaintiffs' challenges to

---

[1] Plaintiffs cite *Lake Angelo Assoc v White Lake Twp*, 198 Mich App 65, 73-74; 498 NW2d 1 (1993), but the passage they quote concerns whether futility would justify issuing a writ of mandamus where the plaintiff failed to pursue an administrative appeal. The Court in *Lake Angelo Assoc* had already held that the plaintiff's "as applied" claim was *not* ripe for judicial review because the plaintiff failed to submit a final site plan. *Id.* at 67-68, 72-73.

the old ordinance could be considered moot. See *In re Contempt of Dudzinski*, 257 Mich App 96, 112; 667 NW2d 68 (2003). Nonetheless, it is apparent that plaintiffs' claims that the ordinance is facially unconstitutional and ultra vires cannot succeed and, therefore, defendant is entitled to summary disposition.

Although the trial court did not address these claims, this Court may consider the issues because they involve a question of law for which all the necessary facts were presented. *Joe Panian Chevrolet, Inc v Young*, 239 Mich App 227, 233; 608 NW2d 89 (2000).

Plaintiffs allege that both the Land Division Act and the Condominium Act preempt the township's zoning ordinance to the extent that the ordinance seeks to impose additional restrictions on the platting of land or the development of condominiums. Thus, plaintiffs claim that the township's ordinance is ultra vires, i.e., beyond the scope of the authority delegated to the township.

This Court has held that, generally, a municipality may not prohibit what state law allows. *Frens Orchard, Inc v Dayton Twp Bd*, 253 Mich App 129, 136-137; 654 NW2d 346 (2002); see also *Muskegon Area Rental Ass'n v City of Muskegon*, 244 Mich App 45, 51; 624 NW2d 496 (2000), rev'd on other grounds 465 Mich 456; 636 NW2d 751 (2001) (equal protection). "[L]ocal governments have no inherent powers and possess only those limited powers which are expressly conferred upon them by the state constitution or state statutes or which are necessarily implied therefrom." *Hanselman v Wayne Co Concealed Weapon Licensing Bd*, 419 Mich 168, 187; 351 NW2d 544 (1984). "A power is 'necessarily implied' if it is essential to the exercise of authority that is expressly granted." *Michigan Muni Liability & Prop Pool v Muskegon Co Bd of Co Rd Comm'rs*, 235 Mich App 183,

191; 597 NW2d 187 (1999). In determining whether legislative action is beyond the scope of the authority granted to a municipal body, this Court applies the usual rules of statutory construction. *Id.* at 188-192.

MCL 560.108 specifies the types of "divisions not subject to the platting requirements of" the Land Division Act. Section 108 was initially incorporated by reference into the township's ordinance for the purpose of establishing density restrictions. In 2000, the ordinance was amended to expressly add the substantive provisions of § 108.

Section 105 of the Land Division Act, MCL 560.105, provides in part:

> Approval of a preliminary plat, or final plat shall be conditioned upon compliance with all of the following:
>
> (a) The provisions of this act.
>
> (b) Any *ordinance* or published rules of a municipality or county *adopted to carry out the provisions of this act.* [Emphasis added.]

Plaintiffs argue that, because the township's ordinance limits land divisions in the A-1 district to those not requiring a plat, it does not "carry out the provisions of th[e] [land division] act." Thus, plaintiffs argue, the township may not require compliance with its ordinance.

Under the Land Division Act, except for § 108 and the exempt subdivisions listed in § 102(f), all proposed subdivisions must be platted and the proposed plat submitted for review by the municipality, among others, as provided in §§ 112 to 119. See MCL 560.120(1)(a); see also MCL 560.166. To be approved, a plat must meet the requirements of §§ 131 to 151, which concern form, substance, and the certificates of approval necessary for recording a final plat. See MCL 560.131(5).

A municipality has the power to reject a proposed platted subdivision, with a written statement of reasons. See MCL 560.112(2). However, a municipality *"shall: . . . approve"* a platted subdivision "if the proprietor has met all conditions laid down for approval of the preliminary plat." MCL 560.120(2)(a) (emphasis added); see also MCL 560.167(b). Approval may *not* be conditioned upon compliance with "any requirements other than those included in section 105." MCL 560.106; see also *Eyde Constr Co v Meridian Twp*, 149 Mich App 802, 807-808; 386 NW2d 687 (1986).

But the Land Division Act expressly provides that "[t]he standards for approval of plats prescribed in this act are minimum standards and any municipality, by ordinance, may impose stricter requirements and may reject any plat which does not conform to such requirements." MCL 560.259. Additionally, MCL 560.105 allows approval to be conditioned upon compliance with local ordinances. See also MCL 560.254.

Contrary to what plaintiffs argue, it is clear that the Land Division Act is not preeminent in the field of land subdivisions because it expressly allows municipalities to impose stricter requirements. While the act specifies those divisions that must be platted, it does not appear to require that platted subdivisions be permitted in all districts. Additionally, the Township Zoning Act enables the township to impose density restrictions in each zoning district. See MCL 125.271; MCL 125.273. Plaintiffs have failed to identify any provision prohibiting a municipality from imposing density restrictions that have the effect of precluding certain subdivisions in certain districts. The fact that the density formula was taken from the Land Division Act appears to be of no consequence. Additionally, while the Land Division Act provides that the types of subdivisions permitted in the

township's A-1 district *need not* be platted, plaintiffs have pointed to no provision stating that they *cannot* be platted. Thus, the Land Division Act's goal of promoting accuracy and orderly use of land is not compromised. The township's ordinance does not conflict with the Land Division Act.

Section 141 of the Condominium Act, MCL 559.241, provides:

> (1) *A condominium project shall comply with applicable local law, ordinances, and regulations.* Except as provided in subsection (2), a *proposed or existing condominium project shall not be prohibited nor treated differently* by any law, regulation, or ordinance of any local unit of government, which would apply to that project or development under a different form of ownership.
>
> (2) Except as to a city having a population of more than 1 million persons, a local unit of government is preempted by the provisions of this act from enacting a law, regulation, ordinance, or other provision, which imposes a moratorium on conversion condominiums, or which provides rights for tenants of conversion condominiums or apartment buildings proposed as conversion condominiums, other than those provided in this act. [Emphasis added.]

Thus, while condominiums may not be prohibited, the Condominium Act clearly authorizes a municipality to regulate condominiums. Therefore, the Condominium Act is not preeminent in the field.

Plaintiffs have pointed to no ordinance provision prohibiting condominiums in the A-1 district. Additionally, in order to prevail on a claim of exclusionary zoning, plaintiffs would need to show that the particular use was prohibited in the entire township despite a demonstrated need and an appropriate location. See MCL 125.297a; see also *Frericks, supra* at 610. Plaintiffs make no such claim. Accordingly, even if the ordinance has the effect of prohibiting condominiums in

the A-1 district, plaintiffs have failed to show that it is exclusionary or that it is in conflict with the Condominium Act.

With regard to their facial substantive due process claim, plaintiffs allege that the township's zoning ordinance arbitrarily, unreasonably, and capriciously excludes legitimate uses from their property, in particular, single-family residential uses at a density greater than that dictated by the number of land divisions allowed without a plat under the Land Division Act. Plaintiffs argue that, to the extent that the township's zoning ordinance imposes density restrictions in the A-1 district and in Rural Open Space Developments by allowing only the number of land divisions that would be permitted without a plat under the Land Division Act, the ordinance is arbitrary, capricious, and unreasonable on its face. Plaintiffs additionally argue that the density restrictions do not advance a reasonable government interest, and that excluding platted lots and single-family condominiums from their property advances no legitimate or reasonable government interest. Therefore, plaintiffs argue, the density restrictions violate substantive due process on their face.

Substantive due process requires that an ordinance "be rationally related to a legitimate governmental interest." *Landon Holdings, Inc v Grattan Twp*, 257 Mich App 154, 173, 177; 667 NW2d 93 (2003). "The essence of a claim of violation of substantive due process is that the government may not deprive a person of liberty or property by an *arbitrary* exercise of power." *Id.* at 173 (emphasis in original); see also *Muskegon Rental, supra* at 53. In particular, "[a] zoning ordinance may be unreasonable either because it does not advance a reasonable government interest or because it does so unreasonably." *Landon, supra* at 173-174. Three rules of judicial review apply:

"(1) the ordinance is presumed valid; (2) the challenger has the burden of proving that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of the property; that the provision in question is an arbitrary fiat, a whimsical ipse dixit; and that there is not room for a legitimate difference of opinion concerning its reasonableness; and (3) the reviewing court gives considerable weight to the findings of the trial judge." [*Frericks, supra* at 594, quoting *A & B Enterprises v Madison Twp,* 197 Mich App 160, 162; 494 NW2d 761 (1992).]

This Court has held that, to survive the substantive due process rational basis test, the "means selected must have a *real and substantial relationship* to the object sought to be attained." *Muskegon Rental, supra* at 53 (citations omitted; emphasis added); see also *West Bloomfield Twp v Chapman,* 351 Mich 606, 616; 88 NW2d 377 (1958). However, in *Muskegon Rental, supra* at 464, our Supreme Court, quoting *TIG Ins, Inc v Dep't of Treasury,* 464 Mich 548, 557-558; 629 NW2d 402 (2001), stated:

"*Rational basis review does not test the wisdom, need, or appropriateness of the legislation, or whether the classification is made with 'mathematical nicety,' or even whether it results in some inequity when put into practice.*" Crego v Coleman, 463 Mich 248, 260; 615 NW2d 218 (2000). Rather, it tests only whether the legislation is reasonably related to a legitimate governmental purpose. The *legislation will pass* "constitutional muster if the legislative judgment is supported by any set of facts, either known or which could reasonably be assumed, even if such facts may be debatable." Id. at 259-260. To prevail under this standard, a party challenging a statute must overcome the presumption that the statute is constitutional. Thoman v Lansing, 315 Mich 566, 576; 24 NW2d 213 (1946). *Thus, to have the legislation stricken, the challenger would have to show that the legislation is based* "solely on reasons totally unrelated to the pursuit of the State's goals," Clements v Fashing, 457 US 957, 963; 102 S Ct 2836; 73 L Ed 2d 508 (1982), or, *in*

*other words, the challenger must "negative every conceivable basis which might support" the legislation. Lehnhausen v Lake Shore Auto Parts Co,* 410 US 356, 364; 93 S Ct 1001; 35 L Ed 2d 351 (1973). [Emphasis added.]

Therefore, unless plaintiffs are able to "negative every conceivable basis" supporting the ordinance, or show that it "is based 'solely on reasons totally unrelated to the pursuit of the State's goals,' " the density restrictions will survive rational basis scrutiny even if they result in "some inequity" and the facts supporting them are "debatable."[2]

Plaintiffs rely primarily on *Scots Ventures, Inc v Hayes Twp*, 212 Mich App 530; 537 NW2d 610 (1995), to argue that courts often strike down ordinances requiring unreasonably large residential lots.[3] In *Scots*, a corporate landowner challenged the township's ten-acre minimum lot requirement for single-family residential dwellings in an A-1 district. *Id.* at 531-532. This Court reversed the trial court's ruling upholding the ordinance, finding that, as applied to the plaintiff's property, the preservation of farmland and the rural character of the area were not reasonable goals because there was a one hundred-acre golf course next door, and because the plaintiff's property had previously been

---

[2] While the Supreme Court in *Muskegon Rental* was addressing equal protection, not substantive due process, *id.* at 464-467, this Court has held that, where there are no suspect classifications or fundamental rights involved, and the ordinance does not completely exclude a particular use, the substantive due process and equal protection tests are essentially the same. *Landon Holdings, supra* at 173-177.

[3] Plaintiffs also cite *Guy v Brandon Twp*, 181 Mich App 775; 450 NW2d 279 (1989), in support of the same argument. However, *Guy* involved a claim that the ordinance effected an unconstitutional taking of property without just compensation because it precluded the plaintiff's use of the land for any purpose for which it was reasonably adapted. *Id.* at 779. Because plaintiffs do not make such a claim in this case, their reliance on *Guy* is misplaced.

used for recreation, not agriculture. *Id.* at 533. The Court then stated:

> Even assuming that plaintiff's property is aptly considered farmland, the evidence suggests that the ten-acre minimum was arbitrary and capricious. While there was testimony that a five-acre minimum lot size requirement would not be sufficient to preserve farmland, there was also testimony that the ten-acre minimum lot size requirement would likewise be insufficient. Given the deficiencies of both options, the imposition of the more burdensome ten-acre requirement is unreasonable.
>
> The ten-acre minimum for a residential lot also fails to bear a reasonable relationship to the goal of preserving the rural character of the area. Defendant's own comprehensive zoning plan recognizes that zoning districts with the five-acre lot size requirement . . . provide a means of maintaining the rural character of lands no longer in agricultural use. Because a five-acre minimum is capable of achieving the township's goal of preserving the rural character of the community, the imposition of a more burdensome ten-acre minimum is clearly arbitrary, capricious, and unreasonable. [*Id.* at 533-534.]

The Court found that the township's stated goal of "preserving 'farmland' can be more accurately characterized as an interest in preventing further development," and that "[t]he real motivations behind the facade of 'public health and welfare' appear to be aesthetics, retention of 'rural character,' and a desire to exclude new homeowners from the township." *Id.* at 534. The Court concluded that the plaintiff had met its burden of overcoming the presumption of constitutionality and showing that the minimum lot size requirement was unreasonable. *Id.*

It appears that the Court in *Scots* invalidated the minimum lot size requirement because "it result[ed] in some inequity" and because the facts alleged in support were "debatable." See *Id.* at 533-535. In a dissenting

opinion, Judge GRIFFIN opined that the majority merely substituted its judgment regarding the reasonableness of the township's goals, and the means chosen to achieve them. *Id.* at 535-536. We do not believe that the decision would survive the rational basis test as set out by the Supreme Court in *Muskegon Rental.*

Conversely, in *Padover v Farmington Twp*, 374 Mich 622, 622-623; 132 NW2d 687 (1965), the Supreme Court upheld a 20,000-square-foot minimum lot size requirement for single-family residential dwellings. The majority expressly declined to consider the "wisdom or desirability" of the restriction. *Id.* at 635; see also *Brae Burn, Inc v Bloomfield Hills*, 350 Mich 425, 431; 86 NW2d 166 (1957). The Court in *Padover* stated that appellate courts " 'do[] not sit as a superzoning commission' " and should not substitute their judgment for that of local zoning bodies. *Padover, supra* at 639, quoting *Brae Burn, supra* at 430-431. The concurring justices strongly disapproved of the *Troy* cases,[4] which were later cited by the Court in *Scots* in support of its decision to invalidate similar restrictions. *Padover, supra* at 639, 641-642, 645; see also *Scots Ventures, supra* at 532-533.

In the present case, the zoning ordinance was enacted pursuant to the Township Zoning Act (TZA), MCL 125.271 *et seq.* The TZA authorizes townships to adopt zoning ordinances based on a plan designed "to promote the public health, safety, and general welfare; . . . to avoid the overcrowding of population; to provide adequate light and air; to lessen congestion on public roads and streets; [and] to facilitate adequate provision" of municipal services. MCL 125.273; see also MCL 125.271. The act provides that a "zoning ordinance

---

[4] *Roll v Troy*, 370 Mich 94; 120 NW2d 804 (1963); *Christine Building Co v Troy*, 367 Mich 508; 116 NW2d 816 (1962).

shall be made with reasonable consideration . . . to the character of each district; its peculiar suitability for particular uses; the conservation of property values and natural resources; and the general and appropriate trend and character of land, building, and population development." MCL 125.273; see also MCL 125.271. Similarly, the township planning act (TPA), MCL 125.321 *et seq.*, contains provisions allowing a township to prepare basic zoning plans "to avoid the overcrowding of land by buildings or people; to lessen congestion on public roads and streets [and] to facilitate provision" of municipal services. MCL 125.322.

Thus, it is clear that avoiding overcrowding and preserving open space are "legitimate governmental interests." See *Landon Holdings, supra* at 173, 177. Density restrictions advance those goals. See *id.* As argued by plaintiffs, there may be a need for additional housing in the township, and the restrictions may result in some inequity depending on the size of the parent tract. However, plaintiffs cannot show that the density restrictions are based "solely on reasons totally unrelated to the pursuit of the State's goals," nor can plaintiffs "negative every conceivable basis which might support" the restrictions. Thus, the zoning ordinance passes rational basis scrutiny. See *Muskegon Rental, supra* at 464. We decline plaintiffs' invitation to address the wisdom and efficacy of the density restrictions and, in essence, sit as a superzoning commission. See *Padover, supra* at 635; see also *Brae Burn, supra* at 430-431.

Affirmed.