# STATE OF MICHIGAN

# COURT OF APPEALS

MARKS VERLA, Personal Representative of the
Estate of Oscar L. Batchelor,

        Plaintiff-Appellant,

v

REVERSE MORTGAGE SOLUTIONS, INC.,

        Defendant-Appellee.

UNPUBLISHED
May 7, 2015

No. 320211
Wayne Circuit Court
LC No. 13-001035-CH

Before: BECKERING, P.J., and Cavanagh and SAAD, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order that granted summary disposition to defendant pursuant to MCR 2.116(C)(8) and (C)(10). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In February 2010, decedent owner Oscar Batchelor granted a reverse mortgage[1] on his home to Urban Financial Group in exchange for a $135,000 loan. The mortgage agreement stated that the holder of the mortgage could demand "immediate payment-in-full of all sums secured by [the agreement] if: (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower[.]" Almost immediately after Batchelor granted the mortgage, Urban Financial Group assigned it to defendant Reverse Mortgage Solutions (RMS).

---

[1] Generally speaking, a reverse mortgage is a financial product that allows an elderly homeowner who owns his home free and clear to use his home equity as collateral for a loan. Unlike a regular "forward" mortgage—which often involves borrowing money to purchase a home—a reverse mortgage involves borrowing money against a home the borrower already owns. As the loan amount increases, the borrower's equity in the home decreases. A reverse mortgage is typically repaid in one payment, after the death of the borrower. See Consumer Financial Protection Bureau, "How is a Reverse Mortgage Different from a Traditional Mortgage?" http://www.consumerfinance.gov/askcfpb/225/how-is-a-reverse-mortgage-different-from-a-traditional-mortgage.html (accessed on February 26, 2015).

-1-

Batchelor died in September 2010, and RMS accelerated the debt pursuant to the mortgage agreement. Plaintiff, Batchelor's estate,[2] defaulted on the mortgage, and RMS instituted foreclosure proceedings by advertisement in October 2011. In conjunction with MCL 600.3205a,[3] RMS sent notice of the foreclosure to Batchelor's property by certified mail, and also sent instructions on how to request a loan modification. However, representatives of Batchelor's (then non-existent) estate never claimed the certified mailing, nor did they contact the designated agent to request a meeting on loan modification. Accordingly, the county held a foreclosure sale in January 2012, and RMS purchased the property for $14,000. The redemption period ended six months later, on July 12, 2012.[4]

In January 2013, plaintiff brought suit against RMS in the Wayne Circuit Court, and alleged, among other things, that RMS: (1) failed to inform Batchelor's heirs of the loan modification procedures; and (2) otherwise did not comply with MCL 600.3205. RMS moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) because: (1) plaintiff lacked standing to challenge the foreclosure, as it no longer had any interest in the property; (2) RMS complied with the relevant procedures for foreclosure by advertisement under MCL 600.3204, 600.3205, and 600.3205a to 600.3205c; and (3) even if the foreclosure was defective, plaintiff could not demonstrate that the assumed defects prejudiced it in any way.

The trial court granted defendant's motion in September 2013,[5] and explained its reasoning in a thorough written opinion dismissing plaintiff's motion for reconsideration in

---

[2] Plaintiff, the estate of Oscar Batchelor, was not opened until September 2013, after the initiation of the litigation that led to this appeal. As the trial court noted in its opinion, plaintiff's counsel failed to ask the court to add the "Estate of Oscar L. Batchelor" as a party to its suit. The trial court properly treated the "plaintiff" in the proceedings before it—the decedent, Oscar Batchelor—as "the Estate of Oscar L. Batchelor." As such, throughout the opinion, we use the term "plaintiff" interchangeably with the "Estate of Oscar L. Batchelor," despite the fact that in the proceedings before the trial court the plaintiff was technically decedent Oscar L. Batchelor and not his estate.

[3] The Legislature subsequently repealed MCL 600.3205 in 2014 PA 125, and 600.3205a to 600.3205d in 2012 PA 521. However, these repeals did not take effect until June 19, 2014 and June 30, 2013, respectively, after the events relevant to this case. Throughout the opinion, we make reference to this group of statutes as they existed before repeal.

[4] After the expiration of the redemption period, RMS filed summary proceedings in the 36th District Court in October 2012 so that it could take possession of the property. The district court granted RMS' request in a judgment of possession. Plaintiff appealed this judgment in succession to the Wayne Circuit Court and our Court, and both courts denied the appeal. *Reverse Mortgage Solutions, Inc v Oscar L. Batchelor*, unpublished order of the Court of Appeals, entered April 14, 2015 (Docket No. 322927).

[5] Though the trial court did not specify under which specific subrule it granted summary disposition, we analyze the case under MCR 2.116(C)(10) because the court "considered

January 2014. On appeal, plaintiff argues that the trial court erred when it granted summary disposition to defendants because: (1) defendant failed to inform it of the loan modification procedures; and (2) the case should have been removed to the Wayne Probate Court. Defendant asks us to uphold the ruling of the trial court, and makes the same arguments here as it did during the motion proceedings.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Paul v Glendale Neurological Associates*, 304 Mich App 357, 362; 848 NW2d 400 (2014). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint," and is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*. We review a motion for summary disposition "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Id*.

## III. ANALYSIS

A plaintiff who fails to bring an action challenging a foreclosure within the statutory redemption period specified by MCL 600.3240 does not have standing to bring suit, because "[i]f a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). In this case, the redemption period expired on July 12, 2012, 6 months after the foreclosure. MCL 600.3240(8). During that six-month period, plaintiff failed to exercise its right of redemption, and it did not initiate this lawsuit until January 2013, more than 6 months after the redemption period ended. Accordingly, it has no right or interest in the property, and does not have standing to challenge the foreclosure.

Were we nonetheless to assume that plaintiff has standing to challenge the foreclosure, it has provided nothing to refute defendant's extensive and dispositive evidence that defendant complied with the notice provisions of MCL 600.3205a when it: (1) sent notice of foreclosure to the subject property by certified mail; and (2) mailed information to the subject property on how to obtain a loan modification.[6] As the trial court noted, plaintiff never collected the certified mailing sent to the property, nor did it arrange for a meeting on loan modification with the designated agent. There is simply nothing in the record to suggest that defendant did not comply with the procedural requirements for foreclosure by advertisement. Plaintiff's attempts to

---

documentary evidence beyond the pleadings." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

[6] Plaintiff implies that defendant was required to provide unspecified loan modification services to Batchelor's heirs, but provides no support for its claim. "A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the party's claim." *Conlin v Scio Twp*, 262 Mich App 379, 384; 686 NW2d 16 (2004).

explain away this lack of support for its claims are disjointed and without merit. The trial court therefore properly granted defendant summary disposition pursuant to MCR 2.116(C)(10).[7]

Affirmed.

/s/ Jane M. Beckering
/s/ Henry William Saad
/s/ Mark J. Cavanagh

---

[7] Plaintiff did not ask the trial court to remove this matter to the probate court. Accordingly, it is unpreserved and we need not address it. *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 518; 847 NW2d 657 (2014). In any event, MCL 700.1303, the statute that governs transfer of a matter to a probate court, states that a circuit court "*may* order removal of the action or proceeding to the probate court" under the circumstances described in the statute, it is not required to do so. MCL 700.1303(2) (emphasis added). And plaintiff filed this lawsuit in the circuit court, and did not open a probate estate until after its case was dismissed. Nor does plaintiff explain, much less provide any authority, as to how the circuit court "erred" in not transferring the matter to the probate court. Again, "[a] party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the party's claim." *Conlin*, 262 Mich App at 384.